

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | CASE NO. 2:14 cr 106 |
| | : | JUDGE _____ |
| | : | |
| PRESTON J. HARRISON | : | 18 U.S.C. § 1343 |
| THOMAS E. JACKSON | : | 18 U.S.C. § 1349   JUDGE GRAHAM |
| LOVENA E. HARRISON | : | 18 U.S.C. § 1956(h) |
| | : | 18 U.S.C. § 1957 |
| | | 18 U.S.C. § 371 |
| | | 26 U.S.C. § 7206(1) |
| | | 31 U.S.C. § 5324(a)(3) |
| | | 18 U.S.C. §2 |
| | | **Forfeiture Allegation** |

**INDICTMENT**

THE GRAND JURY CHARGES THAT:

<u>COUNT 1</u>

At all times material to this Indictment:

1. From in or about August 2010, through in or about Spring 2013, defendants PRESTON J. HARRISON and THOMAS E. JACKSON were officers and controllers of the limited liability corporation, Imperial Integrative Health Research & Development LLC (hereinafter, "IIHRD"). IIHRD operated and had its principal place of business at 470 Olde Worthington Road, Suite 200, Westerville, Ohio 43082.

2. The stated principal purpose of IIHRD purported to be the development and distribution of beverages. IIHRD's original principal purpose was developing, marketing and selling

1

the product, OXYwater. IIHRD, through JACKSON and HARRISON, represented that OXYwater was an all-natural, vitamin enhanced sports drink that contained added oxygen for improved physical performance.

3. IIHRD was founded and controlled by its CEO and founder, defendant THOMAS E. JACKSON, and President and founder, defendant PRESTON J. HARRISON. THOMAS E. JACKSON was an authorized signatory on the IIHRD bank accounts, primarily located at Chase Bank.

4. Defendant LOVENA E. HARRISON was defendant PRESTON J. HARRISON's spouse.

5. The company FOREVER NOW, LLC ("FOREVER NOW") represented to others that its primary purpose was a daycare business. On or about February 11, 2010, FOREVER NOW registered with the Ohio Secretary of State as a Domestic Nonprofit Limited Liability Company, by LOVENA E. HARRISON and PRESTON J. HARRISON. FOREVER NOW's listed principal place of business was a residence at 3071 Willow Springs Court, Lewis Center, Ohio 43035.

6. In order to raise funds, IIHRD sought investors ("the investors") through the issuance of a Private Offering Memorandum ("PPM"). The PPM described the corporate structure for IIHRD, named its officers and directors, and specified salary provisions for the IIHRD founders. The PPM further offered shares ("units") of IIHRD in exchange for money provided by the investors.

7. As officers of IIHRD, THOMAS E. JACKSON and PRESTON J. HARRISON were fiduciaries of IIHRD and owed the company and its shareholders fiduciary duties such as the duty of loyalty and duty of care.

2

8. Huntington Bank ("Huntington") was a financial institution, the deposits of which were insured by the Federal Deposit Insurance Corporation.

9. J.P. Morgan Chase Bank ("Chase Bank") was a financial institution, the deposits of which were insured by the Federal Deposit Insurance Corporation.

## THE CONSPIRACY AND ITS OBJECTS

10. From at least in or around August, 2010 to at least April, 2013, in the Southern District of Ohio and elsewhere, THOMAS E. JACKSON and PRESTON J. HARRISON, the defendants, together with others known and unknown, did knowingly combine, conspire, confederate, and agree to commit an offense against the United States, specifically to devise and intend to devise a scheme and artifice to defraud, and to obtain money and property by means of materially false and fraudulent pretenses, representations, and promises, and to transmit and cause to be transmitted certain wire communications in interstate commerce for the purpose of executing the scheme; to wit, the defendants engaged in a scheme to deceive the IIHRD investors about the structure, composition, finances, sales and profits of OXYwater and IIHRD, in order to make the company appear to be a lucrative and profitable financial investment, by the dissemination and submission of false and fraudulent statements intended to deceive investors, the ultimate purpose of such false statements being for THOMAS E. JACKSON and PRESTON J. HARRISON to obtain money invested in IIHRD and misappropriate it for their own personal use, and the defendants contemplated, foresaw and caused the use of wires in interstate commerce in carrying out the scheme, in violation of Title 18, United States Code, Section 1343.

3

## THE SCHEME

11. From at least August 2010 through at least in or about Spring 2013, defendants THOMAS E. JACKSON and PRESTON J. HARRISON, together with others known and unknown to the grand jury, misrepresented to investors the formula and effect of OXYwater, OXYwater's sales and profits, IIHRD's fiscal position, and how the defendants JACKSON and PRESTON J. HARRISON would use the investors' money – specifically misrepresenting the defendants' salaries – with the intent to obtain investment money from investors and convert such funds to defendants' personal use. The conduct of the defendants THOMAS E. JACKSON and PRESTON J. HARRISON deceived investors into believing they were investing in a profitable sports drink corporation when in reality, OXYwater failed to generate a profit, and THOMAS E. JACKSON and PRESTON J. HARRISON converted substantial investor funds in excess of any permitted salary for their own personal use. JACKSON and PRESTON J. HARRISON misappropriated over $2 million of the investment funds. The defendants' scheme caused IIHRD investors to be susceptible to and suffer substantial losses when the corporation was forced to declare bankruptcy with no assets. As a result of defendants' conduct, investors lost approximately $9 million.

## THE MANNER AND MEANS OF THE CONSPIRACY

The manner and means of the conspiracy was as follows:

12. In order to further the objects and goals of the conspiracy, defendants THOMAS E. JACKSON and PRESTON J. HARRISON formed IIHRD with the purpose of formulating and developing the OXYwater product. Defendants JACKSON and HARRISON hired and consulted with others known and unknown to the grand jury to create and draft the PPM, which would be

4

distributed to potential investors. The PPM as issued on May 23, 2011 specified, among other things, the terms of the initial IIHRD capital raise, IIHRD's permitted uses of proceeds, the IIHRD corporate structure, and purported to name IIHRD employees and consultants.

13. The PPM falsely stated that THOMAS E. JACKSON received a $90,000 annualized salary from IIHRD with a projected 12 month salary of $110,000, as of the PPM's issuance date, May 23, 2011 ("PPM issuance date"). The PPM further falsely provided that PRESTON J. HARRISON received a $60,000 annualized salary from IIHRD with a projected 12 month salary of $75,000 as of the PPM issuance date.

14. JACKSON, PRESTON J. HARRISON and others distributed the PPM to potential investors, seeking cash investments in IIHRD. The PPM contained a number of additional false statements, including but not limited to the following:

   a. Salaries and projected salaries for PRESTON J. HARRISON and THOMAS E. JACKSON.

   b. That OXYwater contained higher oxygen content than other sports drinks.

   c. That IIHRD's management team included employees and consultants with a background in the sports drink and water industry, when in fact those listed individuals did not work for IIHRD in the represented capacity.

   d. That investment proceeds would be used only for startup capital for and development of the OXYwater product.

   e. PRESTON J. HARRISON and THOMAS E. JACKSON's investment in IIHRD.

5

15. JACKSON, HARRISON and others further provided potential IIHRD investors with information about IIHRD's product capacity, profits and sales through additional investment materials. The defendants used various methods of communication with potential investors, including but not limited to telephone calls, e-mails, and text messages. These materials falsely claimed that the OXYwater product was successful, and IIHRD was making a profit.

16. On certain occasions, THOMAS E. JACKSON directed IIHRD employees to enter false OXYwater sales or fabricate clients or sale totals in an attempt to manipulate the perceived OXYwater profits. These sales figures were later provided to potential and actual IIHRD investors.

17. JACKSON and HARRISON raised approximately $9 million from investors through the dissemination of the PPM and false sales and profit data.

18. In addition to the false statements in the PPM, THOMAS E. JACKSON and PRESTON J. HARRISON misappropriated a substantial amount of the IIHRD funds for personal use. Specifically, THOMAS E. JACKSON improperly used the IIHRD accounts as a personal bank and checking account for the majority of his day to day expenses. None of these personal expenses were related to the development of OXYwater or the needs of IIHRD.

19. In addition to JACKSON's misuse of company funds, defendant PRESTON J. HARRISON diverted approximately $1.1 million of IIHRD funds into a bank account at Huntington Bank ending in 3941. This bank account was controlled by HARRISON and in the name FOREVER NOW, LLC.

20. While the PPM purported that PRESTON J. HARRISON was involved in the management and development team at IIHRD, in reality PRESTON J. HARRISON had a minimal

6

role in its operations and performed no service worthy of any payments in excess of his permitted salary. Moreover, FOREVER NOW did not perform any services for IIHRD and was in no way entitled to any share of the investor funds.

21. When investors and others inquired to THOMAS E. JACKSON and PRESTON J. HARRISON about FOREVER NOW, the defendants falsely represented to investors that the company was an IIHRD "holding company."

22. THOMAS E. JACKSON and PRESTON J. HARRISON depleted IIHRD's share of investor funds, misappropriating a substantial amount of investment monies for personal use, while OXYwater failed as a product and failed to generate any associated profits.

23. When investors inquired as to the use of the IIHRD funds, THOMAS E. JACKSON and PRESTON J. HARRISON provided false documentation to the investors, mischaracterizing some of the transfers to FOREVER NOW as payments to the OXYwater formulator or suppliers, concealing additional FOREVER NOW transfers from IIHRD, and failing to disclose JACKSON's personal use of hundreds of thousands of dollars of IIHRD funds.

## OVERT ACTS

24. In furtherance of the conspiracy and to effect the illegal objects thereof, the following overt acts, among others, were committed in the Southern District of Ohio and elsewhere.

a) The providing of false and fraudulent IIHRD revenue data, retailer figures, and sales figures via electronic mail from defendant THOMAS E. JACKSON to an individual known to the Grand Jury with the initials "L.C." on or about November 30, 2012.

7

b) The providing of false and fraudulent information by THOMAS E. JACKSON to "L.C." via electronic mail on or about December 8, 2012, specifically that IIHRD would be receiving an additional $15 million in investment funds to facilitate a growth in OXYwater distribution.

c) The provision to "L.C." via electronic mail by THOMAS E. JACKSON of false and fraudulent 2012 OXYwater sales data, indicating over $2.9 million in gross sales, in December 2012.

d) On or about May 23, 2011, THOMAS E. JACKSON and PRESTON J. HARRISON falsely represented to potential investors in the IIHRD PPM that OXYwater "contains added oxygen …[and] The oxygen content in OXYwater provides consumers with more energy and mental clarity."

e) On or about May 23, 2011, THOMAS E. JACKSON and PRESTON J. HARRISON falsely represented to potential investors in the IIHRD PPM that several individuals including "D.C.," "K.W.," and "M.S." had prior experience in the vitamin beverage industry, and that these individuals were involved in the management team for IIHRD.

f) The delivery to IIHRD investors, by and at the instruction of defendant THOMAS E. JACKSON, false and fraudulent information purporting to be the IIHRD K-1 tax statements for the year 2011.

All in violation of Title 18, United States Code, Section 1349.

## COUNT 2

25.     The Grand Jury realleges and incorporates by reference paragraphs 1-24 of the Indictment as set forth in full herein for the purpose of alleging conspiracy in violation of 18 U.S.C. § 1956(h).

26.     From on or about August 2010, and continuing thereafter until at least Spring 2013, in the Southern District of Ohio and elsewhere, defendants PRESTON J. HARRISON and THOMAS E. JACKSON, knowingly conspired and agreed together and with each other to commit an offense against the United States, in violation of 18 United States Code Section 1957, to wit: to knowingly engage and attempt to engage in monetary transactions by, through or to a financial institution, affecting interstate and foreign commerce, in criminally derived property of a value greater than $10,000, for example, the July 11, 2011 ACH electronic transfer in the amount of $600,000 from a bank account maintained by IIHRD and in the control of defendants THOMAS E. JACKSON and PRESTON J. HARRISON at Chase Bank to a Huntington Bank account ending in 3941 in the name of FOREVER NOW LLC, such property having been derived from a specified unlawful activity, that is, wire fraud, in violation of Title 18, United States Code, Section 1343.

All in violation of Title 18, United States Code, Section 1956(h).

## COUNTS 3 THROUGH 12

27.     The Grand Jury realleges and incorporates by reference paragraphs 1-24 of the Indictment as set forth in full herein.

28.     On or about the dates set forth below, in the Southern District of Ohio and elsewhere, defendants PRESTON J. HARRISON and THOMAS E. JACKSON, together with others known and

9

unknown to the grand jury, unlawfully, willfully and knowingly having devised and intending to devise a scheme and artifice to defraud, and for the purpose of executing and attempting to execute the scheme described above, caused to be transmitted by means of wire communication in interstate commerce signals and sounds described below for each count, each transmission constituting a separate count:

| **Count** | **Date** | **Description** |
|---|---|---|
| 3 | September 30, 2011 | Electronic ACH Wire to Chase Bank account number ending in 2585 and in the name of IIHRD in the amount of $100,000. |
| 4 | December 18, 2012 | Electronic ACH wire to Chase Bank account number ending in 738 and in the name of IIHRD in the amount of $500,000. |
| 5 | August 4, 2011 | Electronic ACH wire to Chase Bank account number ending in 039 and in the name of IIHRD in the amount of $200,000. |
| 6 | July 8, 2011 | Electronic ACH wire to Chase Bank account number ending in 2585 in the name of IIHRD in the amount of $2,500,000. |
| 7 | October 12, 2012 | Electronic ACH wire to Wells Fargo Bank account number ending in 655 in the name of Imperial Health Products LLC in the amount of $500,000. |
| 8 | October 12, 2012 | Electronic ACH wire to Wells Fargo Bank account number ending in 655 in the name of Imperial Health Products LLC in the amount of $500,000. |
| 9 | June 13, 2011 | Electronic ACH wire to Chase Bank account number ending in 2585 in the name of IIHRD in the amount of $249,960. |
| 10 | August 4, 2011 | Electronic ACH wire to Chase Bank account number ending in 2585 in the name of IIHRD in the amount of $250,000. |
| 11 | November 7, 2011 | Electronic ACH wire to Chase Bank account number ending in 3039 in the name of IIHRD in the amount of $249,960. |
| 12 | October 21, 2011 | Electronic ACH wire to Chase Bank account number ending in 2585 in the name of IIHRD in the amount of $125,000. |

All in violation of Title 18, United States Code, Sections 1343 and 2.

10

## COUNTS 13 THROUGH 31

29.     The Grand Jury realleges and incorporates by reference paragraphs 1-24 of the Indictment as set forth in full herein.

30.     On or about the dates set forth below, in the Southern District of Ohio and elsewhere, the defendants, PRESTON J. HARRISON and THOMAS E. JACKSON, did knowingly engage and attempt to engage in a monetary transaction, by through or to a financial institution and affecting interstate commerce, in criminally derived property of a value greater than $10,000, such property having been derived from a specified unlawful activity, that is, wire fraud, in violation of Title 18 U.S.C. § 1343, each transmission constituting a separate count:

| Count | Date | Description |
|---|---|---|
| 13 | June 3, 2011 | Electronic ACH Wire from Chase Bank account number ending in 2585 and in the name of IIHRD to Huntington Bank account number ending in 3941 in the name of FOREVER NOW in the amount of $27,500. |
| 14 | June 13, 2011 | Electronic ACH Wire from Chase Bank account number ending in 2585 and in the name of IIHRD to Huntington Bank account number ending in 3941 in the name of FOREVER NOW in the amount of $40,000. |
| 15 | July 11, 2011 | Electronic ACH Wire from Chase Bank account number ending in 2585 and in the name of IIHRD to Huntington Bank account number ending in 3941 in the name of FOREVER NOW in the amount of $600,000. |
| 16 | August 4, 2011 | Electronic ACH Wire from Chase Bank account number ending in 039 and in the name of IIHRD to Huntington Bank account number ending in 3941 in the name of FOREVER NOW in the amount of $40,000. |
| 17 | August 5, 2011 | Electronic ACH Wire from Chase Bank account number ending in 039 and in the name of IIHRD to Huntington Bank account number ending in 3941 in the name of FOREVER NOW in the amount of $60,000. |
| 18 | August 10, 2011 | Electronic ACH Wire from Chase Bank account number ending in 2585 and in the name of IIHRD to Huntington Bank |

| | | |
|---|---|---|
| | | account number ending in 3941 in the name of FOREVER NOW in the amount of $20,000. |
| 19 | August 16, 2011 | Electronic ACH Wire from Chase Bank account number ending in 039 and in the name of IIHRD to Huntington Bank account number ending in 3941 in the name of FOREVER NOW in the amount of $15,000. |
| 20 | September 16, 2011 | Electronic ACH Wire from Chase Bank account number ending in 2585 and in the name of IIHRD to Huntington Bank account number ending in 3941 in the name of FOREVER NOW in the amount of $10,000. |
| 21 | September 22, 2011 | Electronic ACH Wire from Chase Bank account number ending in 039 and in the name of IIHRD to Huntington Bank account number ending in 3941 in the name of FOREVER NOW in the amount of $15,000. |
| 22 | October 7, 2011 | Electronic ACH Wire from Chase Bank account number ending in 039 and in the name of IIHRD to Huntington Bank account number ending in 3941 in the name of FOREVER NOW in the amount of $25,000. |
| 23 | October 13, 2011 | Electronic ACH Wire from Chase Bank account number ending in 039 and in the name of IIHRD to Huntington Bank account number ending in 3941 in the name of FOREVER NOW in the amount of $18,750. |
| 24 | October 21, 2011 | Electronic ACH Wire from Chase Bank account number ending in 039 and in the name of IIHRD to Huntington Bank account number ending in 3941 in the name of FOREVER NOW in the amount of $20,000. |
| 25 | October 24, 2011 | Electronic ACH Wire from Chase Bank account number ending in 039 and in the name of IIHRD to Huntington Bank account number ending in 3941 in the name of FOREVER NOW in the amount of $20,000. |
| 26 | November 7, 2011 | Electronic ACH Wire from Chase Bank account number ending in 746 and in the name of IIHRD to Huntington Bank account number ending in 3941 in the name of FOREVER NOW in the amount of $35,000. |
| 27 | November 18, 2011 | Electronic ACH Wire from Chase Bank account number ending in 039 and in the name of IIHRD to Huntington Bank account number ending in 3941 in the name of FOREVER NOW in the amount of $50,000. |
| 28 | December 1, 2011 | Electronic ACH Wire from Chase Bank account number ending in 746 and in the name of IIHRD to Huntington Bank account number ending in 3941 in the name of FOREVER NOW in the amount of $30,000. |

| 29 | December 2, 2011 | Electronic ACH Wire from Chase Bank account number ending in 746 and in the name of IIHRD to Huntington Bank account number ending in 3941 in the name of FOREVER NOW in the amount of $55,000. |
| 30 | December 5, 2011 | Electronic ACH Wire from Chase Bank account number ending in 746 and in the name of IIHRD to Huntington Bank account number ending in 3941 in the name of FOREVER NOW in the amount of $36,000. |
| 31 | December 9, 2011 | Electronic ACH Wire from Chase Bank account number ending in 746 and in the name of IIHRD to Huntington Bank account number ending in 3941 in the name of FOREVER NOW in the amount of $17,000. |

All in violation of Title 18, United States Code, Sections 1957 and 2.

## COUNT 32

31. The Grand Jury realleges and incorporates by reference paragraphs 1-24 of the Indictment as set forth in full herein for the purposes of alleging conspiracy to defraud the United States.

### THE CONSPIRACY

32. From on or about June 2011 through on or about April 2012, in the Southern District of Ohio, defendants PRESTON J. HARRISON and LOVENA E. HARRISON, did unlawfully, voluntarily, intentionally and knowingly conspire, combine, confederate and agree together and with each other and with others both known and unknown to the grand jury to defraud the United States for the purpose of impeding, impairing, obstructing and defeating the lawful Government functions of the Internal Revenue Service of the Treasury Department in the ascertainment, computation, assessment and collection of the revenue: to wit, income taxes.

13

## MANNER AND MEANS OF THE CONSPIRACY

33. The manner and means by which the conspiracy was sought to be accomplished included, among others, the following:

   a. Defendant PRESTON J. HARRISON wrongfully misappropriated approximately $1.1 million from his company, IIHRD, for personal use.

   b. Defendants PRESTON J. HARRISON and LOVENA E. HARRISON placed the wrongfully acquired funds in an account under their control at Huntington Bank and in the name of FOREVER NOW LLC.

   c. Defendants PRESTON J. HARRISON and LOVENA E. HARRISON removed the funds from the FOREVER NOW bank account via various means, including but not limited to cash withdrawals, checks, and debit card purchases.

   d. Defendants PRESTON J. HARRISON and LOVENA E. HARRISON used the funds for numerous household expenditures, including the purchase of jewelry, automobiles, weapons, clothing, and a swimming pool.

   e. Defendants PRESTON J. HARRISON and LOVENA E. HARRISON concealed the receipt of these funds from the Internal Revenue Service by making false statements on their 2011 joint Form 1040 Tax Return, claiming $25,414 in total income for the 2011 calendar year, when in fact the defendants knew their income for the 2011 tax year was substantially higher.

   f. Defendants PRESTON J. HARRISON and LOVENA E. HARRISON falsely stated to the Internal Revenue Service on their 2011 joint Form 1040 Tax Return that

defendant PRESTON J. HARRISON was not employed and failed to disclose his employment as President and Co-founder of IIHRD.

## OVERT ACTS

34. In furtherance of the conspiracy, and to effect the objects thereof, the following overt acts were committed in the Southern District of Ohio and elsewhere:

   a. On or about March 5, 2012, LOVENA E. HARRISON entered a Personal Identification Number assigned to her by the Internal Revenue Service to self-file a joint 2011 Form 1040 Tax Return falsely claiming her income was $25,414, and that such profit was from a Schedule C daycare business.

   b. On or about March 5, 2012, PRESTON J. HARRISON entered a Personal Identification Number assigned to him by the Internal Revenue Service to self-file a joint 2011 Form 1040 Tax Return falsely claiming he had no employment and his total family joint income was $25,414, and that such profit was from a Schedule C daycare business owned by his wife.

All in violation of Title 18, United States Code, Section 371.

## COUNT 33

35. On or about March 5, 2012, in the Southern District of Ohio, defendants PRESTON J. HARRISON and LOVENA E. HARRISON, residents of Lewis Center, Ohio, did willfully make and subscribe and did willfully aid, abet, assist and cause to be so made and subscribed, a joint 2011 Form 1040 Income Tax Return, filed with the Internal Revenue Service, which was verified by a written declaration that it was made under penalties of perjury and which defendants PRESTON J.

HARRISON and LOVENA E. HARRISON did not believe to be true and correct as to every material matter. That joint 2011 Form 1040 Income Tax Return, which was electronically filed with a proper officer of the United States, stated falsely that defendants PRESTON J. HARRISON and LOVENA E. HARRISON had an adjusted gross income of $23,619 resulting from a $25,414 profit from a Schedule C daycare business, whereas as defendants PRESTON J. HARRISON and LOVENA E. HARRISON then and there knew, their joint income was substantially higher.

All in violation of Title 26, United States Code, Section 7206(1) and Title 18, United States Code Section 2.

## COUNT 34

36. From on or about June 6, 2011 through on or about December 15, 2011, in the Southern District of Ohio, the defendant LOVENA E. HARRISON, knowingly and for the purpose of evading the reporting requirements established under 31 U.S.C. § 5313(a), and the regulations promulgated thereunder, did structure, attempt to structure, and assist in structuring currency transactions with Huntington Bank, a domestic financial institution, using a Huntington Bank account number ending in 3941 and in the name of FOREVER NOW LLC. Specifically, on or about December 2, 2011, LOVENA E. HARRISON made two withdrawals from the FOREVER NOW Huntington Bank account in the amounts of $9,800 and $6000, with the intent to evade federal reporting requirements.

All in violation of Title 31 United States Code, Section 5324(a)(3).

## FORFEITURE ALLEGATION

1.     The allegations of Counts 1 through 24 of this Indictment are realleged and by this reference fully incorporated herein for the purpose of alleging forfeitures to the United States of America pursuant to 18 U.S.C. §981 and 18 U.S.C. §982.

2.     Upon conviction of any of the defendants of any of the offenses as alleged in Counts 1, and 3 through 13, Defendants PRESTON J. HARRISON and THOMAS E. JACKSON shall forfeit to the United States, pursuant to 18 U.S.C. §981(a)(1)(C) and 28 U.S.C. §2461(c), any property, real or personal, which constitutes or is derived from proceeds obtained directly or indirectly as a result of such violations, including but not limited to a sum of money equal to $1,134,250.00 in United States currency, which represents the proceeds traceable to the commission of the offenses as alleged in the Indictment, in the form of a forfeiture money judgment

(a)     Of the $1,134,250.00 in United States currency, the following assets are directly traceable to offenses as alleged in the Indictment:

  (1)   One 2009 Cadillac Escalade, VIN No. 1GYFK26259R242648;

  (2)   One 2008 BMW, 7 Series, VIN No. WBAHN835X8DT811398;

  (3)   The contents of account XXXXX8980 at J.P. Morgan Chase Bank, totaling $523,429.57;

  (4)   Nineteen Thousand, One Hundred Dollars ($19,100) in United States Currency; and,

  (5)   Eight weapons seized from the property of PRESTON J. HARRISON located at 3071 Willow Springs Court, Lewis

17

Center, Ohio 43035 on ~~February 23~~ April 24, 2013.

(b) If, as a result of any act or omission of Defendants PRESTON J. HARRISON and THOMAS E. JACKSON, the forfeitable property so described, or any portion thereof:

    (a) cannot be located upon the exercise of due diligence;

    (b) has been transferred or sold to, or deposited with a third party;

    (c) has been placed beyond the jurisdiction of the court;

    (d) has been substantially diminished in value; or

    (e) has been commingled with other property which cannot be divided without difficulty.

It is the intent of the United States, pursuant to 21 U.S.C. §853(p) as incorporated by 18 U.S.C. §982(b), to seek forfeiture of any property of Defendants PRESTON J. HARRISON and THOMAS E. JACKSON up to the value of the $1,134,250.00 forfeiture money judgment.

A TRUE BILL.

S/FOREPERSON
FOREPERSON

CARTER M. STEWART
United States Attorney

BRENDA S. SHOEMAKER
Financial Crimes Chief