# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
### EASTERN DIVISION

UNITED STATES OF AMERICA,

   Plaintiff,

             Case No.  2:14-cr-106(1 - 3)

  v.           Judge Gregory L. Frost

PRESTON J. HARRISON,
THOMAS E. JACKSON, and
LOVENA E. HARRISON,

   Defendants.

**FINAL JURY INSTRUCTIONS**

# TABLE OF CONTENTS

INTRODUCTION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

JURORS' DUTIES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

PRESUMPTION OF INNOCENCE, BURDEN OF PROOF, REASONABLE DOUBT . . . . . . 3

EVIDENCE DEFINED . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

CONSIDERATION OF EVIDENCE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

STIPULATIONS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

DIRECT AND CIRCUMSTANTIAL EVIDENCE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

NUMBER OF WITNESSES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

CREDIBILITY OF WITNESSES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

IMPEACHMENT OF WITNESS OTHER THAN DEFENDANT BY PRIOR
      CONVICTION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

IMPROPER CONSIDERATION: RACE, RELIGION,
      NATIONAL ORIGIN, SEX, OR AGE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

DEFENDANTS' ELECTION NOT TO PRESENT EVIDENCE . . . . . . . . . . . . . . . . . . . . . 14

LAW ENFORCEMENT WITNESS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

OPINION TESTIMONY . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

CONCEALMENT OF EVIDENCE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17

DEFENDANTS' ELECTION NOT TO TESTIFY . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 18

NUMBER OF EXHIBITS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 19

CHARTS/SUMMARIES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 20

I

NOTETAKING . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 21

EXPERIMENTS, RESEARCH, AND INVESTIGATION . . . . . . . . . . . . . . . . . . . . . . . . . . . . 22

OUTSIDE COMMUNICATION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 23

ATTORNEYS' OBJECTIONS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 24

THE CRIME AND RELATED MATTERS – INTRODUCTION . . . . . . . . . . . . . . . . . . . . . . 25

CHARGED WITH MULTIPLE CRIMES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 26

COUNT 1  CONSPIRACY TO COMMIT WIRE FRAUD . . . . . . . . . . . . . . . . . . . . . . . . . 27

COUNT 1  CONSPIRACY - ELEMENTS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 29

COUNT 1  CONSPIRACY - AGREEMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 30

COUNT 1  CONSPIRACY - MEMBERSHIP . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 31

COUNT 1  CONSPIRACY - LIABILITY FOR OFFENSES COMMITTED BY OTHERS . . . 32

COUNT 1  CONSPIRACY - UNINDICTED, UNNAMED, OR SEPARATELY TRIED
  CO-CONSPIRATORS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 34

COUNT 2  CONSPIRACY - CONSPIRACY TO COMMIT MONEY LAUNDERING . . . . . 35

COUNT 2  CONSPIRACY - ELEMENTS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 36

COUNT 2  CONSPIRACY - AGREEMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 37

COUNT 2  CONSPIRACY - MEMBERSHIP . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 38

COUNT 2  CONSPIRACY - LIABILITY FOR OFFENSES COMMITTED BY OTHERS . . . 39

COUNT 2 CONSPIRACY - UNINDICTED, UNNAMED, OR SEPARATELY TRIED
  CO-CONSPIRATORS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 41

COUNTS 3 - 12   WIRE FRAUD . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 42

COUNTS 3 - 12   ELEMENTS OF WIRE FRAUD . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 45

COUNTS 3 - 12  WIRE FRAUD - SCHEME TO DEFRAUD . . . . . . . . . . . . . . . . . . . . . . . . . 46

COUNTS 3 - 12  WIRE FRAUD - FALSE OR FRAUDULENT PRETENSES,
        REPRESENTATIONS, OR PROMISES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 47

COUNTS 3 - 12  WIRE FRAUD - KNOWINGLY . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 48

COUNTS 3 - 12  WIRE FRAUD - MATERIAL . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 49

COUNTS 3 - 12  WIRE FRAUD - INTENT TO DEFRAUD . . . . . . . . . . . . . . . . . . . . . . . . . . 50

COUNTS 3 - 12  WIRE FRAUD - CAUSE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 51

COUNTS 3 - 12  WIRE FRAUD - INTERSTATE OR FOREIGN COMMERCE . . . . . . . . . 52

COUNTS 3 - 12 WIRE FRAUD - AIDING AND ABETTING . . . . . . . . . . . . . . . . . . . . . . . . 53

COUNTS 13 - 19 and 21 - 31 MONEY LAUNDERING . . . . . . . . . . . . . . . . . . . . . . . . . . . . 54

COUNTS 13 - 19 and 21 - 31 ELEMENTS OF MONEY LAUNDERING . . . . . . . . . . . . . . . 62

COUNTS 13 - 19 and 21 - 31 MONEY LAUNDERING - KNOWINGLY . . . . . . . . . . . . . . . 63

COUNTS 13 - 19 and 21 - 31 MONEY LAUNDERING - MONETARY TRANSACTION . . 64

COUNTS 13 - 19 and 21 - 31 MONEY LAUNDERING - SPECIFIED UNLAWFUL
        ACTIVITY . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 65

COUNTS 13 - 19 and 21 - 31 MONEY LAUNDERING - CRIMINALLY DERIVED
        PROPERTY . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 66

COUNTS 13 - 19 and 21 - 31 MONEY LAUNDERING - AIDING AND BETTING . . . . . . . 67

COUNT 32 CONSPIRACY TO DEFRAUD THE UNITED STATES . . . . . . . . . . . . . . . . . . 68

COUNT 32 CONSPIRACY - ELEMENTS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 69

COUNT 32 CONSPIRACY - AGREEMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 70

COUNT 32 CONSPIRACY - MEMBERSHIP . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 71

iii

COUNT 32 CONSPIRACY - OVERT ACTS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 73

COUNT 33 FILING A FALSE TAX RETURN . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 74

COUNT 33 FILING A FALSE TAX RETURN - ELEMENTS . . . . . . . . . . . . . . . . . . . . . . . . . 75

COUNT 33 FILING A FALSE TAX RETURN - FALSE OR FRAUDULENT . . . . . . . . . . . . 76

COUNT 33 FILING A FALSE TAX RETURN - MATERIAL MATTER . . . . . . . . . . . . . . . . 77

COUNT 33 FILING A FALSE TAX RETURN - WILLFULLY . . . . . . . . . . . . . . . . . . . . . . . 78

COUNT 33 FILING A FALSE TAX RETURN - AIDING AND ABETTING . . . . . . . . . . . . . 79

COUNT 34 STRUCTURING TRANSACTIONS TO EVADE REPORTING
        REQUIREMENTS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 80

COUNT 34 STRUCTURING - ELEMENTS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 81

COUNT 34 STRUCTURING - TRANSACTIONS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 82

COUNT 34 STRUCTURING - KNOWLEDGE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 83

COUNT 34 STRUCTURING - FINANCIAL INSTITUTION . . . . . . . . . . . . . . . . . . . . . . . . 84

COUNT 34 STRUCTURING - CURRENCY TRANSACTION . . . . . . . . . . . . . . . . . . . . . . . 85

VENUE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 86

"ON OR ABOUT" . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 87

INFERRING MENTAL STATE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 88

IGNORANCE OF LAW IS NOT A DEFENSE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 89

PUNISHMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 90

DELIBERATIONS AND VERDICT–INTRODUCTION . . . . . . . . . . . . . . . . . . . . . . . . . . . 91

ELECTION OF FOREPERSON . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 92

iv

DUTY TO DELIBERATE  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 93

UNANIMOUS VERDICT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 94

ALTERNATE JURORS  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 95

WRITTEN INSTRUCTIONS  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 96

VERDICT FORMS  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 97

COURT HAS NO OPINION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 98

NOTIFY COURT SECURITY OFFICER WHEN VERDICT IS READY  . . . . . . . . . . . . . . . . 99

OBJECTIONS TO INSTRUCTIONS  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 100

## <u>INTRODUCTION</u>

Members of the jury, now it is time for me to instruct you about the law that you must follow in deciding this case.

I will start by explaining your duties and the general rules that apply in every criminal case.

Then I will explain the elements, or parts, of the crimes that Defendants are accused of committing.

Then I will explain some rules that you must use in evaluating particular testimony and evidence.

And last, I will explain the rules that you must follow during your deliberations in the jury room and the possible verdicts that you may return.

1

## **JURORS' DUTIES**

You have two main duties as jurors.  Your first duty is to decide what the facts are from the evidence that you saw and heard in court.  Deciding what the facts are is your job, not mine, and nothing that I have said or done during this trial was meant to influence your decision about the facts in any way.

Your second duty is to take the law that I give you, apply it to the facts, and decide whether the Government has proved Defendants guilty beyond a reasonable doubt.  It is my job to instruct you about the law, and you are bound by the oath that you took at the beginning of the trial to follow the instructions that I give you, even if you personally disagree with them.  This includes the instructions that I gave you before and during the trial and these instructions.  All the instructions are important, and you should consider them together as a whole.

The attorneys have talked about the law in their arguments.  But if what they said is different from what I say, you must follow what I say.  What I say about the law governs.

Perform these duties fairly.  Do not let any bias, sympathy, or prejudice that you may feel toward one side or the other influence your decision in any way.

## PRESUMPTION OF INNOCENCE
## BURDEN OF PROOF
## REASONABLE DOUBT

As you know, all three defendants have pled not guilty to the crimes charged in the Indictment.  The Indictment is not any evidence at all of guilt.  It is just the formal way that the Government tells Defendants what crimes they are accused of committing.  It does not even raise any suspicion of guilt.

Instead, Defendants start the trial with a clean slate, with no evidence at all against them, and the law presumes that they are innocent.  This presumption of innocence stays with them unless the Government presents evidence here in court that overcomes the presumption and convinces you beyond a reasonable doubt that any defendant is guilty.

This means that Defendants have no obligation to present any evidence at all or to prove to you in any way that they are innocent.  The law never compels a defendant in a criminal case to call any witnesses or to produce any evidence on his behalf.  It is up to the Government to prove that each defendant is guilty, and this burden stays on the Government from start to finish.  You must find Defendants not guilty unless the Government convinces you beyond a reasonable doubt that any of the defendants are guilty.

The Government must prove every element of the crimes charged beyond a reasonable doubt.  Proof beyond a reasonable doubt does not mean proof beyond all possible doubt.  Possible doubts or doubts based purely on speculation are not reasonable doubts.  A reasonable doubt is a doubt based on reason and common sense.  It may arise from the evidence, the lack of evidence, or the nature of the evidence.

Proof beyond a reasonable doubt means proof that is so convincing that you would not

3

hesitate to rely and act upon it in making the most important decisions in your own lives.  If you are convinced that the Government has proved any of the defendants guilty beyond a reasonable doubt, say so by returning a guilty verdict or verdicts.  If you are not convinced, say so by returning a not guilty verdict or verdicts.

## **EVIDENCE DEFINED**

You must make your decision based only on the evidence that you saw and heard here in court.  Do not let rumors, suspicions, or anything else that you may have seen or heard outside of court influence your decision in any way.

The evidence in this case includes only what the witnesses said while they were testifying under oath, the exhibits that I allowed into evidence and the stipulations by the attorneys.

Nothing else is evidence.  The attorneys' statements, arguments, and objections are not evidence.  The Indictment is not evidence.

During the trial I did not let you hear the answers to some of the questions that the attorneys asked.  And sometimes I ordered you to disregard things that you saw or heard, or I struck things from the record.  You must completely ignore all of these things.  Do not even think about them.  Do not speculate about what a witness might have said or what an exhibit might have shown.  These things are not evidence, and you are bound by your oath not to let them influence your decision in any way.

Make your decision based only on the evidence, as I have defined it here, and nothing else.

## <u>CONSIDERATION OF EVIDENCE</u>

You should use your common sense in weighing the evidence.  Consider it in light of your everyday experience with people and events, and give it whatever weight you believe it deserves.  If your common sense tells you that certain evidence reasonably leads to a conclusion, you are free to reach that conclusion.

## **STIPULATIONS**

Certain facts have been received into evidence by stipulation.  Those stipulations are contained in Government Exhibits 135 and 136.  That means that both sides have agreed to the existence of the fact to which they have stipulated.  As I have told you, statements and arguments of counsel are not evidence in the case unless, however, they are made as an admission or stipulation of fact.  When the attorneys on both sides stipulate or agree as to the existence of a fact, you must, unless otherwise instructed, accept the stipulations as evidence and regard that fact as proved.

## DIRECT AND CIRCUMSTANTIAL EVIDENCE

There are two types of evidence that you as jurors may properly consider in reaching a verdict.  They are known as direct evidence and circumstantial evidence.

Direct evidence is where a witness testifies as to what he or she saw or heard.  In other words, when a witness testifies about what is known to the witness as personal knowledge by virtue of his or her own senses – what he or she sees or hears – that is called direct evidence.  For example, if a witness testified that she saw it raining outside and you believe her, that would be direct evidence that it was raining.

Proof of a chain of circumstances pointing to the commission of an offense is an example of circumstantial evidence.  Circumstantial evidence is evidence that tends to prove a disputed fact by proof of other facts.  You infer on the bases of reason, experience, and common sense from an established fact the existence or the nonexistence of some other fact.  You may only draw an inference from the evidence presented.  You may not build an inference upon an inference.

For example, if someone walked into the courtroom wearing a raincoat covered with drops of water and carrying a wet umbrella, that would be circumstantial evidence from which you could conclude that it was raining.  Circumstantial evidence has the same value as direct evidence.

As a general rule, the law does not distinguish between direct and circumstantial evidence.  The law does require that, before convicting a defendant, the jury must be satisfied from all the evidence in the case that the Government has proved that defendant guilty beyond a reasonable doubt.

## **<u>NUMBER OF WITNESSES</u>**

Sometimes jurors wonder whether the number of witnesses who testified makes any difference. Do not make any decisions based only on the number of witnesses who testified. What is more important is how believable the witnesses were and how much weight you think their testimony deserves. Concentrate on that, not on the numbers.

## CREDIBILITY OF WITNESSES

Another part of your job as jurors is to decide how credible or believable each witness was.  This is your job, not mine.  It is up to you to decide whether the testimony of a witness was believable and how much weight you think it deserves.  You are free to believe everything that a witness said, only part of it, or none of it at all.  But you should act reasonably and carefully in making these decisions.

Let me suggest some things for you to consider in evaluating the testimony of each witness.

Ask yourself whether the witness was able to see or hear the events clearly.  Sometimes even an honest witness may not have been able to see or hear what was happening and may make a mistake.

Ask yourself how good the memory of the witness seemed to be.  Did the witness seem able to accurately remember what happened?

Ask yourself whether there was anything else that may have interfered with the ability of the witness to perceive or remember the events.

Ask yourself how the witness acted while testifying.  Did the witness appear to be honest?  Or did the witness appear to be lying?

Ask yourself whether the witness had any relationship to the Government or to a defendant, or anything to gain or lose from the case, that might influence the witness' testimony.

Ask yourself whether the witness had any bias, prejudice, or reason for testifying that might cause the witness to lie or to slant the testimony in favor of one side or the other.

10

Ask yourself whether the witness testified inconsistently while on the witness stand, or whether the witness said or did something or failed to say or do something at any other time that is inconsistent with what the witness said while testifying. If you believe that the witness was inconsistent, ask yourself whether this makes the testimony of the witness less believable. Sometimes it may; other times it may not. Consider whether the inconsistency was about something important or about some unimportant detail. Ask yourself whether it seemed like an innocent mistake or whether it seemed deliberate.

And ask yourself how believable the testimony of the witness was in light of all the other evidence. Was the testimony of the witness supported or contradicted by other evidence that you found believable? If you believe that other evidence contradicted the testimony of a witness, remember that people sometimes forget things and that even two honest people who witness the same event may not describe it exactly the same way.

These are only some of the things that you may consider in deciding how believable each witness was. You may also consider other things that you think shed some light on the believability of the witness. Use your common sense and your everyday experiences in dealing with other people. In your daily lives, all of you are constantly determining who is worthy of belief and who is not. Employ the same tests in determining the weight and credibility, if any, you will assign to the testimony of each witness.

## <u>IMPEACHMENT OF WITNESS OTHER THAN DEFENDANT BY PRIOR CONVICTION</u>

You have heard the testimony of Robert Smith.  You have also heard that before this trial he was convicted of felony crimes.

These earlier convictions were brought to your attention only as one way of helping you decide how believable his testimony was.  Do not use it for any other purpose.  It is not evidence of anything else.

## <u>IMPROPER CONSIDERATIONS: RACE, RELIGION,</u>
## <u>NATIONAL ORIGIN, SEX, OR AGE</u>

Your verdict must be based solely upon the evidence developed at trial or the lack of evidence.  It would be improper for you to consider, in reaching your decision as to whether the Government met its burden of proof, any personal feelings you may have about a defendant's race, religion, national origin, sex, or age.  All persons are entitled to the presumption of innocence, and the Government has the same burden of proof in regard to all persons.

It would be equally improper for you to allow any feelings you might have about the nature of the crimes charged to interfere with your decision-making process.

To repeat, your verdict or verdicts must be based exclusively upon the evidence or the lack of evidence in this case.

13

## DEFENDANTS' ELECTION NOT TO PRESENT EVIDENCE

A defendant has an absolute right not to present evidence.  The fact that they did not present any evidence cannot be considered by you in any way.  Do not even discuss it in your deliberations.

Remember that it is up to the Government to prove Defendants guilty beyond a reasonable doubt.  It is not up to Defendants to prove that they are innocent.

## **<u>LAW ENFORCEMENT WITNESS</u>**

You have heard the testimony of Special Agent David Gosiewski, a law enforcement officer.  The fact that a witness may be employed by the federal government as a law enforcement officer does not mean that witness' testimony is necessarily deserving of more or less consideration or greater or lesser weight than that of an ordinary witness.

Again, it is your decision, after reviewing all the evidence, whether to accept the testimony of the law enforcement witness and to give that testimony whatever weight, if any, you find it deserves.

15

## OPINION TESTIMONY

You have heard the testimony of Kim Shaffer, who testified as an opinion witness.

You do not have to accept this witness' opinions.  In deciding how much weight to give it, you should consider her qualifications and how she reached her conclusions.  Also consider the other factors discussed in these instructions for weighing the credibility of witnesses.

Remember that you alone decide how much of a witness' testimony to believe and how much weight it deserves.

16

## **CONCEALMENT OF EVIDENCE**

You have heard testimony that after a crime was allegedly committed, one or more defendants concealed or attempted to conceal evidence.

If you believe that a defendant concealed evidence, then you may consider this conduct, along with all the other evidence, in deciding whether the Government has proved beyond a reasonable doubt that he committed the crime charged.  This conduct may indicate that a defendant thought he was guilty and was trying to avoid punishment.  On the other hand, sometimes an innocent person may conceal evidence for some other reason.

17

## **DEFENDANTS' ELECTION NOT TO TESTIFY**

A defendant has an absolute right not to testify. You cannot consider the fact that a defendant did not testify in any way. Do not even discuss it in your deliberations.

Remember that it is up to the Government to prove Defendants guilty beyond a reasonable doubt. It is not up to Defendants to prove that they are not guilty.

18

## **NUMBER OF EXHIBITS**

A number of exhibits and testimony related to them have been introduced.  You will determine what weight, if any, the exhibits should receive in light of all the evidence. As indicated earlier, you must consider, among other things, all the exhibits received in evidence, regardless of who may have produced them.

You are to attach no significance whatsoever to the fact that a given item of evidence has been admitted as the Government's exhibit as opposed to Defendants' exhibit.  Conversely, you are to attach no significance whatsoever to the fact that a given item of evidence has been admitted as Defendants' exhibit as opposed to the Government's exhibit.

19

## **CHARTS/SUMMARIES**

The exhibits that have been introduced and admitted into evidence are a part of the case, and you are to consider them in the same manner as other evidence in the case. However, you are not to consider at all any exhibits offered as evidence and not admitted by the Court.

Certain exhibits referred to as charts or summaries have been admitted into evidence. Strictly speaking, these exhibits are not actual evidence, but are admitted as summaries of other evidence in the case and are admitted only for your assistance and convenience in considering the other evidence that they purport to summarize.

In other words, the summaries are used only as a matter of convenience. These summaries have no independent value, and you should consider them only insofar as you have concluded that they accurately reflect the documents and testimony actually introduced into evidence or stipulated to by the parties. If you find that the summaries do not accurately reflect the evidence or stipulations in this case, you are to disregard the summaries entirely.

## **NOTETAKING**

During this trial, I permitted you to take notes.  Of course, you were not obligated to take notes.  If you did not take notes, you should not be influenced by the notes of another juror, but should rely upon your own recollection of the evidence.

Frequently, there is a tendency to attach too much importance to what a person writes down.  Some testimony that was considered unimportant at the time presented and thus not written down, may have taken on greater importance later in the trial in light of all the evidence presented, the final arguments, and my instructions on the law.

Accordingly, you are instructed that your notes are only a tool to aid your own individual memory and that you should not compare your notes with other jurors in determining the content of any testimony or in evaluating the importance of any evidence.  Your notes are not evidence and are by no means a complete outline of the proceedings or a list of the highlights of the trial.  Your memory should be your greatest asset when deciding this case.

21

## EXPERIMENTS, RESEARCH, AND INVESTIGATION

Remember that you must make your decision based only on the evidence that you saw and heard here in court.  Do not try to gather any information about the case on your own while you are deliberating.

Do not conduct any experiments inside or outside the jury room.  Do not bring any books, such as a dictionary, or anything else with you to help you with your deliberations.  Do not conduct any independent research, reading, or investigation about the case.  And do not visit any of the places that were mentioned during the trial.

Make your decision based only on the evidence that you saw and heard here in court.

## OUTSIDE COMMUNICATION

During your deliberations, you must not communicate with or provide any information to anyone by any means about this case.  You may not use any electronic device or media, such as a telephone, cell phone, smart phone, iPhone, Blackberry, computer, the internet, any internet service, any text or instant messaging service, any internet chat room, any blog, or any website such as Facebook, MySpace, LinkedIn, YouTube, or Twitter to communicate to anyone any information about this case or to conduct any research about this case until I accept your verdict. In other words, you cannot talk to anyone on the phone, correspond with anyone, or electronically communicate with anyone about this case.  You can only discuss the case in the jury room with your fellow jurors during deliberations.  You must inform me if you become aware of another juror's violation of these instructions.

You may not use these electronic means to investigate or communicate about the case because it is important that you decide this case based solely on the evidence presented in this courtroom.  Information on the internet or available through social media may be wrong, incomplete, or inaccurate.  You are only permitted to discuss the case with your fellow jurors during deliberations because they have seen and heard the same evidence you have.  In our judicial system, it is important that you are not influenced by anyone or anything known only by you and not your fellow jurors or the parties in this case.  This would unfairly and adversely impact the judicial process.

## ATTORNEYS' OBJECTIONS

The attorneys for both sides objected to some of the things that were said or done during the trial. Do not hold that against either side. The attorneys have a duty to object whenever they think that something is not permitted by the rules of evidence. Those rules are designed to make sure that both sides receive a fair trial.

And do not interpret my rulings on any objections as any indication of how I think the case should be decided. My rulings were based on the rules of evidence, not on how I feel about the case. Remember that your decision must be based only on the evidence that you saw and heard here in court.

**THE CRIMES AND RELATED MATTERS - INTRODUCTION**

That concludes the part of my instructions explaining your duties and the general rules that apply in every criminal case.  In a moment, I will explain the elements of the crimes that Defendants are accused of committing.

But before I do that, I want to emphasize that Defendants are on trial only for the particular crimes charged in the Indictment.  Your job is limited to deciding whether the Government has proved the crimes charged.

Also keep in mind that whether anyone else should be prosecuted and convicted for these crimes is not a proper matter for you to consider.  The possible guilt of others is no defense to a criminal charge.  Your job is to decide whether the Government has proved a defendant guilty.  Do not let the possible guilt of others influence your decision in any way.

## CHARGED WITH MULTIPLE CRIMES

Defendants have been charged with several crimes. The number of charges is no evidence of guilt and should not influence your decision in any way. It is your duty to consider separately the evidence that relates to each charge and each defendant and to return a separate verdict for each charge and each defendant. For each charge and each defendant, you must decide whether the Government has presented proof beyond a reasonable doubt that a defendant is guilty of that particular charge. Your decision on one charge and one defendant, whether it is guilty or not guilty, should not influence your decision on any of the other charges.

### COUNT 1    CONSPIRACY TO COMMIT WIRE FRAUD

Defendants Preston J. Harrison and Thomas E. Jackson are both charged in Count 1 of the Indictment with conspiracy to commit wire fraud.

Specifically, the Indictment alleges that from in or about August 2010 until at least April 21, 2013, in the Southern District of Ohio, Defendants Preston J. Harrison and Thomas E. Jackson, together with others known and unknown, did knowingly combine, conspire, confederate, and agree to commit an offense against the United States, specifically to devise and intend to devise a scheme and artifice to defraud, and to obtain money and property by means of materially false and fraudulent pretenses, representations, and promises, and to transmit and cause to be transmitted certain wire communications in interstate commerce for the purpose of executing the scheme; to wit, Defendants engaged in a scheme to deceive the Imperial Integrative Health Research & Development, LLC (hereinafter, "Imperial") investors about the structure, finances, sales and profits of OXYwater and Imperial in order to make the company appear to be a lucrative and profitable financial investment, by the dissemination and submission of false and fraudulent statements intended to deceive investors, the ultimate purpose of such false statements being for Defendants Preston J. Harrison and Thomas E. Jackson to obtain money invested in Imperial and misappropriate it for their own personal use, and Defendants contemplated, foresaw, and caused the use of wires in interstate commerce in carrying out the scheme.

From at least August 2010 through at least in or about Spring 2013, Defendants Preston J. Harrison and Thomas E. Jackson, together with others known and unknown, misrepresented to

investors the formula and effect of OXYwater, OXYwater's sales and profits, Imperial's fiscal position, and how Defendants Preston J. Harrison and Thomas E. Jackson would use the investors' money — specifically misrepresenting Defendants' salaries — with the intent to obtain investment money from investors and convert such funds to Defendants' personal use. The conduct of Defendants Preston J. Harrison and Thomas E. Jackson deceived investors into believing the investors were investing in a profitable sports drink corporation when in reality, OXYwater failed to generate a profit, and Preston J. Harrison and Thomas E. Jackson converted substantial investor funds in excess of any permitted salary for their own personal use. Preston J. Harrison and Thomas E. Jackson misappropriated over $2 million of the investment funds. Defendants' scheme caused Imperial investors to be susceptible to and suffer substantial losses when the corporation was forced to declare bankruptcy with no assets.

Wire fraud is defined as knowingly participating in or devising a scheme to defraud in order to obtain money or property and that the scheme involved the use of wire communications in interstate commerce in furtherance of the scheme.

I will list and define the specific elements of wire fraud when I instruct you on Counts 3 through 12 (see pages 42 - 53). You will use those instructions in conjunction with the following instructions involving conspiracy when deciding the issues in Count 1.

## COUNT 1    CONSPIRACY - ELEMENTS

Count 1 of the Indictment accuses Defendants Preston J. Harrison and Thomas E. Jackson of a conspiracy to commit the crime of wire fraud in violation of federal law.  It is a crime for two or more persons to conspire, or agree, to commit a criminal act, even if they never actually achieve their goal.

A conspiracy is a kind of criminal partnership.  For you to find either of the defendants guilty of this conspiracy charge, the Government must prove each and every one of the following elements beyond a reasonable doubt:

1.      That two or more persons conspired, or agreed, to commit the crime of wire fraud; and

2.      That the defendants knowingly and voluntarily joined the conspiracy.

You must be convinced that the Government has proved both of these elements beyond a reasonable doubt in order to find either of these defendants guilty of the conspiracy charge as alleged in Count 1.  If you have a reasonable doubt about any of these elements, then you must find the defendant or defendants not guilty of this charge.

Now I will give you some more detailed instructions regarding the crime of conspiracy.

## **COUNT 1    CONSPIRACY -  AGREEMENT**

With regard to the first element — a criminal agreement — the Government must prove that two or more persons conspired or agreed to cooperate with each other to commit the crime of wire fraud.

This does not require proof of any formal agreement, written or spoken.  Nor does this require proof that everyone involved agreed on all the details.  But proof that people simply met together from time to time and talked about common interests or engaged in similar conduct is not enough to establish a criminal agreement.  These are things that you may consider in deciding whether the Government has proved an agreement.  But without more they are not enough.

What the Government must prove is that there was a mutual understanding, either spoken or unspoken, between two or more people, to cooperate with each other to commit the crime of wire fraud.  This is essential.

An agreement can be proved indirectly, by facts and circumstances that lead to a conclusion that an agreement existed.  But it is up to the Government to convince you that such facts and circumstances existed in this particular case.

## COUNT 1  CONSPIRACY  -  MEMBERSHIP

If you are convinced that there was a criminal agreement, then you must decide whether the Government has proved that Defendants Preston J. Harrison and Thomas E. Jackson knowingly and voluntarily joined that agreement.  You must consider each defendant separately in this regard.  To convict either defendant, the Government must prove that he knew the conspiracy's main purpose and that he voluntarily joined it intending to help advance or achieve its goals.

This does not require proof that a defendant knew everything about the conspiracy, that he knew everyone else involved, or that he was a member of it from the very beginning.  Nor does it require proof that a defendant played a major role in the conspiracy or that his connection to it was substantial.  A slight role or connection may be enough.

But proof that a defendant simply knew about a conspiracy, was present at times, or associated with members of the group is not enough, even if he approved of what was happening or did not object to it.  Similarly, just because a defendant may have done something that happened to help a conspiracy does not necessarily make him a conspirator.  These are all things that you may consider in deciding whether the Government has proved that a defendant joined a conspiracy.  But without more they are not enough.

What the Government must prove is that a defendant knew the conspiracy's main purpose and that he voluntarily joined it intending to help advance or achieve its goals.  This is essential.

A defendant's knowledge can be proved indirectly by facts and circumstances that lead to a conclusion that he knew the conspiracy's main purpose.  But it is up to the Government to convince you that such facts and circumstances existed in this particular case.

### COUNT 1   CONSPIRACY -

## LIABILITY FOR OFFENSES COMMITTED BY OTHERS

Count 1 of the Indictment accuses Defendants Preston J. Harrison and Thomas E. Jackson of committing the crime of conspiracy to commit wire fraud.

There are two ways that the Government can prove Defendants guilty of this crime.  The first is by convincing you that they personally committed or participated in this crime.  The second is based on the legal rule that all members of a conspiracy are responsible for acts committed by the other members, as long as those acts are committed to help advance the conspiracy and are within the reasonably foreseeable scope of the agreement.

In other words, under certain circumstances, the act of one conspirator may be treated as the act of all.  This means that all the conspirators may be convicted of a crime committed by only one of them, even though they did not all personally participate in that crime themselves.

But for you to find either of the defendants guilty of conspiracy to commit wire fraud on this legal rule, you must be convinced that the Government has proved each and every one of the following elements beyond a reasonable doubt:

1. That a defendant was a member of the conspiracy charged in Count 1 of the Indictment;

2. That after he joined the conspiracy, and while he was still a member of it, one or more of the other members committed the crime of wire fraud;

3. That this crime was committed to help advance the conspiracy; and

4. That this crime was within the reasonably foreseeable scope of the unlawful project.  The crime must have been one that the defendant could have reasonably

32

anticipated as a necessary or natural consequence of the agreement.

This does not require proof that each defendant specifically agreed or knew that the crime would be committed.  But the Government must prove that the crime was within the reasonable contemplation of the persons who participated in the conspiracy.  No defendant is responsible for acts of others that go beyond the fair scope of the agreement as the defendant understood it.

If you are convinced that the Government has proved all of these elements, say so by returning a guilty verdict or verdicts on this charge.  If you have a reasonable doubt about any one of these elements, then the legal rule that the act of one conspirator is the act of all would not apply and you must then find the defendant or defendants not guilty on this charge.

## COUNT 1   CONSPIRACY -
## UNINDICTED, UNNAMED, OR SEPARATELY TRIED CO-CONSPIRATORS

Some of the people who may have been involved in these events are not on trial.  This does not matter.  There is no requirement that all members of a conspiracy be charged and prosecuted or tried together in one proceeding.

Nor is there any requirement that the names of the other conspirators be known.  An indictment can charge a defendant with a conspiracy involving people whose names are not known, as long as the Government can prove that the defendant conspired with one or more of them.  Whether they are named or not does not matter.

## COUNT 2    CONSPIRACY TO COMMIT MONEY LAUNDERING

Defendant Preston J. Harrison and Thomas E. Jackson are both charged in Count 2 of the Indictment with conspiracy to commit money laundering.

Specifically, the Indictment alleges that from on or about August 2010 and continuing thereafter until at least Spring 2013, in the Southern District of Ohio and elsewhere, Defendants Preston J. Harrison and Thomas E. Jackson knowingly conspired and agreed together and with each other to knowingly engage and attempt to engage in monetary transactions by, through or to a financial institution, affecting interstate and foreign commerce, in criminally derived property of a value greater than $10,000, for example, the July 11, 2011 ACH electronic transfer in the amount of $600,000 from a bank account maintained by Imperial and in the control of Defendants Thomas E. Jackson and Preston J. Harrison at Chase Bank to a Huntington Bank account ending in 3941 in the name of Forever Now, LLC, such property having been derived from a specified unlawful activity, that is, wire fraud.

Money laundering is generally defined as knowingly engaging or attempting to engage in a monetary transaction in property derived from a specific unlawful activity and that the property had a value of greater than $10,000.

I will list and define the specific elements of money laundering when I instruct you on Counts 13 through 31 (see pages 54 - 67).   You will use those instructions in conjunction with the following instructions involving conspiracy when deciding the issues in Count 2.

35

## COUNT 2   CONSPIRACY - ELEMENTS

Count 2 of the Indictment accuses Defendants Preston J. Harrison and Thomas E. Jackson of a conspiracy to commit the crime of money laundering in violation of federal law.  It is a crime for two or more persons to conspire, or agree, to commit a criminal act, even if they never actually achieve their goal.

A conspiracy is a kind of criminal partnership.  For you to find either of the defendants guilty of this conspiracy charge, the Government must prove each and every one of the following elements beyond a reasonable doubt:

1.      That two or more persons conspired, or agreed, to commit the crime of money laundering; and

2.      That the defendant knowingly and voluntarily joined the conspiracy.

You must be convinced that the Government has proved both of these elements beyond a reasonable doubt in order to find either of these defendants guilty of this conspiracy charge as alleged in Count 2.  If you have a reasonable doubt about any of these elements, then you must find the defendant or defendants not guilty of this charge.

Although some of this may be repetitive, I will now give you further instructions regarding the crime of conspiracy.

## COUNT 2   CONSPIRACY -  AGREEMENT

With regard to the first element — a criminal agreement — the Government must prove that two or more persons conspired or agreed to cooperate with each other to commit the crime of money laundering.

This does not require proof of any formal agreement, written or spoken.  Nor does this require proof that everyone involved agreed on all the details.  But proof that people simply met together from time to time and talked about common interests or engaged in similar conduct is not enough to establish a criminal agreement.  These are things that you may consider in deciding whether the Government has proved an agreement.  But without more they are not enough.

What the Government must prove is that there was a mutual understanding, either spoken or unspoken, between two or more people, to cooperate with each other to commit the crime of money laundering.  This is essential.

An agreement can be proved indirectly, by facts and circumstances that lead to a conclusion that an agreement existed.  But it is up to the Government to convince you that such facts and circumstances existed in this particular case.

## COUNT 2    CONSPIRACY  -  MEMBERSHIP

If you are convinced that there was a criminal agreement, then you must decide whether the Government has proved that Defendants Preston J. Harrison and Thomas E. Jackson knowingly and voluntarily joined that agreement.  You must consider each defendant separately in this regard.  To convict either defendant, the Government must prove that he knew the conspiracy's main purpose and that he voluntarily joined it intending to help advance or achieve its goals.

This does not require proof that a defendant knew everything about the conspiracy, that he knew everyone else involved, or that he was a member of it from the very beginning.  Nor does it require proof that a defendant played a major role in the conspiracy or that his connection to it was substantial.  A slight role or connection may be enough.

But proof that a defendant simply knew about a conspiracy, was present at times, or associated with members of the group is not enough, even if he approved of what was happening or did not object to it.  Similarly, just because a defendant may have done something that happened to help a conspiracy does not necessarily make him a conspirator.  These are all things that you may consider in deciding whether the Government has proved that a defendant joined a conspiracy.  But without more they are not enough.

What the Government must prove is that a defendant knew the conspiracy's main purpose and that he voluntarily joined it intending to help advance or achieve its goals.  This is essential.

A defendant's knowledge can be proved indirectly by facts and circumstances that lead to a conclusion that he knew the conspiracy's main purpose.  But it is up to the Government to convince you that such facts and circumstances existed in this particular case.

## COUNT 2  CONSPIRACY -

## LIABILITY FOR OFFENSES COMMITTED BY OTHERS

Count 2 of the Indictment accuses Defendants Preston J. Harrison and Thomas E. Jackson of committing the crime of conspiracy to commit money laundering.

There are two ways that the Government can prove Defendants guilty of this crime. The first is by convincing you that they personally committed or participated in this crime. The second is based on the legal rule that all members of a conspiracy are responsible for acts committed by the other members, as long as those acts are committed to help advance the conspiracy, and are within the reasonably foreseeable scope of the agreement.

In other words, under certain circumstances, the act of one conspirator may be treated as the act of all. This means that all the conspirators may be convicted of a crime committed by only one of them, even though they did not all personally participate in that crime themselves.

But for you to find either of the defendants guilty of conspiracy to commit money laundering on this legal rule, you must be convinced that the Government has proved each and every one of the following elements beyond a reasonable doubt:

1. That a defendant was a member of the conspiracy charged in Count 2 of the Indictment;

2. That after he joined the conspiracy, and while he was still a member of it, one or more of the other members committed the crime of money laundering;

3. That this crime was committed to help advance the conspiracy; and

4. That this crime was within the reasonably foreseeable scope of the unlawful project. The crime must have been one that the defendant could have reasonably anticipated as a necessary or natural consequence of the agreement.

39

This does not require proof that each defendant specifically agreed or knew that the crime would be committed.  But the Government must prove that the crime was within the reasonable contemplation of the persons who participated in the conspiracy.  No defendant is responsible for acts of others that go beyond the fair scope of the agreement as the defendant understood it.

If you are convinced that the Government has proved all of these elements, say so by returning a guilty verdict or verdicts on this charge.  If you have a reasonable doubt about any one of these elements, then the legal rule that the act of one conspirator is the act of all would not apply and you must then find the defendant or defendants not guilty on this charge.

40

## COUNT 2   CONSPIRACY -
## UNINDICTED, UNNAMED, OR SEPARATELY TRIED CO-CONSPIRATORS

Some of the people who may have been involved in these events are not on trial.  This does not matter.  There is no requirement that all members of a conspiracy be charged and prosecuted or tried together in one proceeding.

Nor is there any requirement that the names of the other conspirators be known.  An indictment can charge a defendant with a conspiracy involving people whose names are not known, as long as the Government can prove that the defendant conspired with one or more of them.  Whether they are named or not does not matter.

41

## COUNTS 3 - 12    WIRE FRAUD

Count 3:  Defendants Preston J. Harrison and Thomas E. Jackson are charged in Count 3 of the Indictment with the crime of wire fraud.  Specifically, Count 3 alleges that Defendants committed wire fraud on or about September 30, 2011, by causing to be transmitted by means of wire communication in interstate commerce an Electronic ACH wire to Chase Bank account number ending in 2585 and in the name of Imperial in the amount of $100,000.

Count 4:  Defendants Preston J. Harrison and Thomas E. Jackson are charged in Count 4 of the Indictment with the crime of wire fraud.  Specifically, Count 4 alleges that Defendants committed wire fraud on or about December 18, 2012, by causing to be transmitted by means of wire communication in interstate commerce an Electronic ACH wire to Chase Bank account number ending in 738 and in the name of Imperial in the amount of $500,000.

Count 5:  Defendants Preston J. Harrison and Thomas E. Jackson are charged in Count 5 of the Indictment with the crime of wire fraud.  Specifically, Count 5 alleges that Defendants committed wire fraud on or about August 4, 2011, by causing to be transmitted by means of wire communication in interstate commerce an Electronic ACH wire to Chase Bank account number ending in 039 and in the name of Imperial in the amount of $200,000.

Count 6:  Defendants Preston J. Harrison and Thomas E. Jackson are charged in Count 6 of the Indictment with the crime of wire fraud.  Specifically, Count 6 alleges that Defendants committed wire fraud on or about July 8, 2011, by causing to be transmitted by means of wire communication in interstate commerce an Electronic ACH wire to Chase Bank account number ending in 2585 and in the name of Imperial in the amount of $2,500,000.

Count 7:  Defendants Preston J. Harrison and Thomas E. Jackson are charged in Count 7 of the Indictment with the crime of wire fraud.  Specifically, Count 7 alleges that Defendants committed wire fraud on or about October 12, 2012, by causing to be transmitted by means of wire communication in interstate commerce an Electronic ACH wire to Wells Fargo Bank account number ending in 655 and in the name of Imperial Health Products, LLC in the amount of $500,000.

Count 8:  Defendants Preston J. Harrison and Thomas E. Jackson are charged in Count 8 of the Indictment with the crime of wire fraud.  Specifically, Count 8 alleges that Defendants committed wire fraud on or about October 12, 2012, by causing to be transmitted by means of wire communication in interstate commerce an Electronic ACH wire to Wells Fargo Bank account number ending in 655 and in the name of Imperial Health Products, LLC in the amount of $500,000.

Count 9:  Defendants Preston J. Harrison and Thomas E. Jackson are charged in Count 9 of the Indictment with the crime of wire fraud.  Specifically, Count 9 alleges that Defendants committed wire fraud on or about June 13, 2011, by causing to be transmitted by means of wire communication in interstate commerce an Electronic ACH Wire to Chase Bank account number ending in 2585 and in the name of Imperial in the amount of $249,960.

Count 10:  Defendants Preston J. Harrison and Thomas E. Jackson are charged in Count 10 of the Indictment with the crime of wire fraud.  Specifically, Count 10 alleges that Defendants committed wire fraud on or about August 4, 2011, by causing to be transmitted by means of wire communication in interstate commerce an Electronic ACH wire to Chase Bank account number ending in 2585 and in the name of Imperial in the amount of $250,000.

<u>Count 11</u>:  Defendants Preston J. Harrison and Thomas E. Jackson are charged in Count 11 of the Indictment with the crime of wire fraud.  Specifically, Count 11 alleges that Defendants committed wire fraud on or about November 7, 2011, by causing to be transmitted by means of wire communication in interstate commerce an Electronic ACH Wire to Chase Bank account number ending in 3039 and in the name of Imperial in the amount of $249,960.

<u>Count 12</u>:  Defendants Preston J. Harrison and Thomas E. Jackson are charged in Count 12 of the Indictment with the crime of wire fraud.  Specifically, Count 12 alleges that Defendants committed wire fraud on or about October 21, 2011, by causing to be transmitted by means of wire communication in interstate commerce an Electronic ACH Wire to Chase Bank account number ending in 2585 and in the name of Imperial in the amount of $125,000.

The following additional instructions involving the crime of wire fraud apply to Count 3 through Count 12.

44

## <u>COUNTS 3 - 12    ELEMENTS OF WIRE FRAUD</u>

For you to find either defendant guilty of wire fraud, you must find that the Government has proved each and every one of the following elements beyond a reasonable doubt:

1.    That the defendant knowingly participated in or devised a scheme to defraud in order to obtain money or property as described in the instruction titled "Counts 3-12 Wire Fraud" (pages 42-44);

2.    That the scheme included a material misrepresentation or concealment of a material fact;

3.    That the defendant had the intent to defraud; and

4.    That the defendant used wire communications or caused another to use wire communications in interstate or foreign commerce in furtherance of the scheme.

If you are convinced that the Government has proved all of the elements of wire fraud on any or all of the counts, say so by returning a guilty verdict or verdicts.  If you have a reasonable doubt about any one of the elements of wire fraud on any or all the counts, then you must find the defendant or defendants not guilty of the charge or charges.

Now I will give you more detailed instructions on some of the terms that I have used.

45

## COUNTS 3 - 12    WIRE FRAUD  -   SCHEME TO DEFRAUD

A "scheme to defraud" includes any plan or course of action by which someone intends to deprive another of money or property by means of false or fraudulent pretenses, representations, or promises.

## COUNTS 3 - 12   WIRE FRAUD  -  FALSE OR FRAUDULENT PRETENSES, REPRESENTATIONS, OR PROMISES

The term "false or fraudulent pretenses, representations, or promises" means any false statements or assertions that concern a material aspect of the matter in question and that were either known to be untrue when made or made with reckless indifference to their truth.  They include actual, direct false statements as well as half-truths and the knowing concealment of material facts.

## COUNTS 3 - 12    WIRE FRAUD  -   KNOWINGLY

An act is "knowingly" done if done voluntarily and intentionally and not because of mistake or some other innocent reason.

## <u>COUNTS 3 - 12    WIRE FRAUD  -  MATERIAL</u>

A misrepresentation or concealment is "material" if it has a natural tendency to influence

or is capable of influencing the decision of a person of ordinary prudence and comprehension.

## COUNTS 3 - 12    WIRE FRAUD  -  INTENT TO DEFRAUD

To act with "intent to defraud" means to act with an intent to deceive or cheat for the purpose of either causing a financial loss to another or bringing about a financial gain to oneself.

## COUNTS 3 - 12    WIRE FRAUD  -  CAUSE

To "cause" wire, radio, or television communications to be used is to do an act with knowledge that the use of the communications will follow in the ordinary course of business or where such use can reasonably be foreseen.

## COUNTS 3 - 12   WIRE FRAUD  -  INTERSTATE OR FOREIGN COMMERCE

The term "interstate or foreign commerce" includes wire communications that crossed a state line.

The parties have stipulated that the wires traveled through interstate commerce.

## COUNTS 3 - 12  WIRE FRAUD - AIDING AND ABETTING

For you to find either of the defendants guilty of wire fraud, it is not necessary for you to find that he personally committed the crime himself.  You may also find him guilty if he intentionally helped or encouraged someone else to commit the crime.  A person who does this is called an aider and abettor.  But for you to find either of the defendants guilty of wire fraud as an aider and abettor, you must be convinced that the Government has proved each and every one of the following elements beyond a reasonable doubt:

  1.  That the crime of wire fraud was committed;

  2.  That the defendant helped to commit the crime or encouraged someone else to commit the crime; and

  3.  That the defendant intended to help commit or encourage the crime.

Proof that a defendant may have known about the crime, even if he was there when it was committed, is not enough for you to find him guilty.  You can consider this in deciding whether the Government has proved that he was an aider and abettor, but without more it is not enough.  What the Government must prove is that the defendant did something to help or encourage the crime with the intent that the crime be committed.

If you are convinced that the Government has proved all of these elements, say so by returning a guilty verdict or verdicts on this charge.  If you have a reasonable doubt about any one of these elements and whether they apply to any defendant, then you cannot find the defendant guilty of wire fraud as an aider and abettor.

## COUNTS 13 - 19 and  21 - 31   MONEY LAUNDERING

Count 13: Defendants Preston J. Harrison and Thomas E. Jackson are charged in Count 13 of the Indictment with the crime of money laundering.  Specifically, Count 13 alleges that Defendants committed money laundering on or about June 3, 2011, by engaging in or attempting to engage in a monetary transaction, through or to a financial institution and affecting interstate commerce, in criminally derived property of a value greater than $10,000 and that such property was derived from the specified unlawful activity of wire fraud and the transaction consisted of an electronic ACH wire from Chase Bank account number ending in 2585 and in the name of Imperial to Huntington Bank account number ending in 3941 in the name of Forever Now in the amount of $27,500.

Count 14: Defendants Preston J. Harrison and Thomas E. Jackson are charged in Count 14 of the Indictment with the crime of money laundering.  Specifically, Count 14 alleges that Defendants committed money laundering on or about June 13, 2011, by engaging in or attempting to engage in a monetary transaction, through or to a financial institution and affecting interstate commerce, in criminally derived property of a value greater than $10,000 and that such property was derived from the specified unlawful activity of wire fraud and the transaction consisted of an electronic ACH wire from Chase Bank account number ending in 2585 and in the name of Imperial to Huntington Bank account number ending in 3941 in the name of Forever Now in the amount of $40,000.

Count 15: Defendants Preston J. Harrison and Thomas E. Jackson are charged in Count 15 of the Indictment with the crime of money laundering.  Specifically, Count 15 alleges that

54

Defendants committed money laundering on or about July 11, 2011, by engaging in or attempting to engage in a monetary transaction, through or to a financial institution and affecting interstate commerce, in criminally derived property of a value greater than $10,000 and that such property was derived from the specified unlawful activity of wire fraud and the transaction consisted of an electronic ACH wire from Chase Bank account number ending in 2585 and in the name of Imperial to Huntington Bank account number ending in 3941 in the name of Forever Now in the amount of $600,000.

Count 16: Defendants Preston J. Harrison and Thomas E. Jackson are charged in Count 16 of the Indictment with the crime of money laundering.  Specifically, Count 16 alleges that Defendants committed money laundering on or about August 4, 2011, by engaging in or attempting to engage in a monetary transaction, through or to a financial institution and affecting interstate commerce, in criminally derived property of a value greater than $10,000 and that such property was derived from the specified unlawful activity of wire fraud and the transaction consisted of an electronic ACH wire from Chase Bank account number ending in 039 and in the name of Imperial to Huntington Bank account number ending in 3941 in the name of Forever Now in the amount of $40,000.

Count 17: Defendants Preston J. Harrison and Thomas E. Jackson are charged in Count 17 of the Indictment with the crime of money laundering.  Specifically, Count 17 alleges that Defendants committed money laundering on or about August 5, 2011, by engaging in or attempting to engage in a monetary transaction, through or to a financial institution and affecting interstate commerce, in criminally derived property of a value greater than $10,000 and that such property was derived from the specified unlawful activity of wire fraud and the transaction

55

consisted of an electronic ACH wire from Chase Bank account number ending in 039 and in the name of Imperial to Huntington Bank account number ending in 3941 in the name of Forever Now in the amount of $60,000.

Count 18: Defendants Preston J. Harrison and Thomas E. Jackson are charged in Count 18 of the Indictment with the crime of money laundering. Specifically, Count 18 alleges that Defendants committed money laundering on or about August 10, 2011, by engaging in or attempting to engage in a monetary transaction, through or to a financial institution and affecting interstate commerce, in criminally derived property of a value greater than $10,000 and that such property was derived from the specified unlawful activity of wire fraud and the transaction consisted of an electronic ACH wire from Chase Bank account number ending in 2585 and in the name of Imperial to Huntington Bank account number ending in 3941 in the name of Forever Now in the amount of $20,000.

Count 19: Defendants Preston J. Harrison and Thomas E. Jackson are charged in Count 19 of the Indictment with the crime of money laundering. Specifically, Count 19 alleges that Defendants committed money laundering on or about August 16, 2011, by engaging in or attempting to engage in a monetary transaction, through or to a financial institution and affecting interstate commerce, in criminally derived property of a value greater than $10,000 and that such property was derived from the specified unlawful activity of wire fraud and the transaction consisted of an electronic ACH wire from Chase Bank account number ending in 039 and in the name of Imperial to Huntington Bank account number ending in 3941 in the name of Forever Now in the amount of $15,000.

Count 21: Defendants Preston J. Harrison and Thomas E. Jackson are charged in Count 21 of the Indictment with the crime of money laundering.  Specifically, Count 21 alleges that Defendants committed money laundering on or about September 22, 2011, by engaging in or attempting to engage in a monetary transaction, through or to a financial institution and affecting interstate commerce, in criminally derived property of a value greater than $10,000 and that such property was derived from the specified unlawful activity of wire fraud and the transaction consisted of an electronic ACH wire from Chase Bank account number ending in 039 and in the name of Imperial to Huntington Bank account number ending in 3941 in the name of Forever Now in the amount of $15,000.

Count 22: Defendants Preston J. Harrison and Thomas E. Jackson are charged in Count 22 of the Indictment with the crime of money laundering.  Specifically, Count 22 alleges that Defendants committed money laundering on or about October 7, 2011, by engaging in or attempting to engage in a monetary transaction, through or to a financial institution and affecting interstate commerce, in criminally derived property of a value greater than $10,000 and that such property was derived from the specified unlawful activity of wire fraud and the transaction consisted of an electronic ACH wire from Chase Bank account number ending in 039 and in the name of Imperial to Huntington Bank account number ending in 3941 in the name of Forever Now in the amount of $25,000.

Count 23: Defendants Preston J. Harrison and Thomas E. Jackson are charged in Count 23 of the Indictment with the crime of money laundering.  Specifically, Count 23 alleges that Defendants committed money laundering on or about October 13, 2011, by engaging in or attempting to engage in a monetary transaction, through or to a financial institution and affecting

interstate commerce, in criminally derived property of a value greater than $10,000 and that such property was derived from the specified unlawful activity of wire fraud and the transaction consisted of an electronic ACH wire from Chase Bank account number ending in 039 and in the name of Imperial to Huntington Bank account number ending in 3941 in the name of Forever Now in the amount of $18,750.

Count 24: Defendants Preston J. Harrison and Thomas E. Jackson are charged in Count 24 of the Indictment with the crime of money laundering. Specifically, Count 24 alleges that Defendants committed money laundering on or about October 21, 2011, by engaging in or attempting to engage in a monetary transaction, through or to a financial institution and affecting interstate commerce, in criminally derived property of a value greater than $10,000 and that such property was derived from the specified unlawful activity of wire fraud and the transaction consisted of an electronic ACH wire from Chase Bank account number ending in 039 and in the name of Imperial to Huntington Bank account number ending in 3941 in the name of Forever Now in the amount of $20,000.

Count 25: Defendants Preston J. Harrison and Thomas E. Jackson are charged in Count 25 of the Indictment with the crime of money laundering. Specifically, Count 25 alleges that Defendants committed money laundering on or about October 24, 2011, by engaging in or attempting to engage in a monetary transaction, through or to a financial institution and affecting interstate commerce, in criminally derived property of a value greater than $10,000 and that such property was derived from the specified unlawful activity of wire fraud and the transaction consisted of an electronic ACH wire from Chase Bank account number ending in 039 and in the name of Imperial to Huntington Bank account number ending in 3941 in the name of Forever

58

Now in the amount of $20,000.

Count 26: Defendants Preston J. Harrison and Thomas E. Jackson are charged in Count 26 of the Indictment with the crime of money laundering.  Specifically, Count 26 alleges that Defendants committed money laundering on or about November 7, 2011, by engaging in or attempting to engage in a monetary transaction, through or to a financial institution and affecting interstate commerce, in criminally derived property of a value greater than $10,000 and that such property was derived from the specified unlawful activity of wire fraud and the transaction consisted of an electronic ACH wire from Chase Bank account number ending in 746 and in the name of Imperial to Huntington Bank account number ending in 3941 in the name of Forever Now in the amount of $35,000.

Count 27: Defendants Preston J. Harrison and Thomas E. Jackson are charged in Count 27 of the Indictment with the crime of money laundering.  Specifically, Count 27 alleges that Defendants committed money laundering on or about November 18, 2011, by engaging in or attempting to engage in a monetary transaction, through or to a financial institution and affecting interstate commerce, in criminally derived property of a value greater than $10,000 and that such property was derived from the specified unlawful activity of wire fraud and the transaction consisted of an electronic ACH wire from Chase Bank account number ending in 039 and in the name of Imperial to Huntington Bank account number ending in 3941 in the name of Forever Now in the amount of $50,000.

Count 28: Defendants Preston J. Harrison and Thomas E. Jackson are charged in Count 28 of the Indictment with the crime of money laundering.  Specifically, Count 28 alleges that Defendants committed money laundering on or about December 1, 2011, by engaging in or

attempting to engage in a monetary transaction, through or to a financial institution and affecting interstate commerce, in criminally derived property of a value greater than $10,000 and that such property was derived from the specified unlawful activity of wire fraud and the transaction consisted of an electronic ACH wire from Chase Bank account number ending in 746 and in the name of Imperial to Huntington Bank account number ending in 3941 in the name of Forever Now in the amount of $30,000.

Count 29: Defendants Preston J. Harrison and Thomas E. Jackson are charged in Count 29 of the Indictment with the crime of money laundering. Specifically, Count 29 alleges that Defendants committed money laundering on or about December 2, 2011, by engaging in or attempting to engage in a monetary transaction, through or to a financial institution and affecting interstate commerce, in criminally derived property of a value greater than $10,000 and that such property was derived from the specified unlawful activity of wire fraud and the transaction consisted of an electronic ACH wire from Chase Bank account number ending in 746 and in the name of Imperial to Huntington Bank account number ending in 3941 in the name of Forever Now in the amount of $55,000.

Count 30: Defendants Preston J. Harrison and Thomas E. Jackson are charged in Count 30 of the Indictment with the crime of money laundering. Specifically, Count 30 alleges that Defendants committed money laundering on or about December 5, 2011, by engaging in or attempting to engage in a monetary transaction, through or to a financial institution and affecting interstate commerce, in criminally derived property of a value greater than $10,000 and that such property was derived from the specified unlawful activity of wire fraud and the transaction consisted of an electronic ACH wire from Chase Bank account number ending in 746 and in the

60

name of Imperial to Huntington Bank account number ending in 3941 in the name of Forever Now in the amount of $36,000.

Count 31: Defendants Preston J. Harrison and Thomas E. Jackson are charged in Count 31 of the Indictment with the crime of money laundering.  Specifically, Count 31 alleges that Defendants committed money laundering on or about December 9, 2011, by engaging in or attempting to engage in a monetary transaction, through or to a financial institution and affecting interstate commerce, in criminally derived property of a value greater than $10,000 and that such property was derived from the specified unlawful activity of wire fraud and the transaction consisted of an electronic ACH wire from Chase Bank account number ending in 746 and in the name of Imperial to Huntington Bank account number ending in 3941 in the name of Forever Now in the amount of $17,000.

61

## COUNTS 13 - 19 and 21 - 31    ELEMENTS OF  MONEY LAUNDERING

For you to find either of the defendants guilty of money laundering as alleged in Counts 13 - 19 and 21-31, you must find that the Government has proved each and every one of the following elements beyond a reasonable doubt:

1.      That the defendant knowingly engaged in a monetary transaction;

2.      That the monetary transaction was in property derived from specified unlawful activity, specifically wire fraud;

3.      That the property had a value greater than $10,000;

4.      That the defendant knew that the transaction was in criminally derived property; and

5.      That the monetary transaction took place within the United States.

If you are convinced that the Government has proved all of the elements of money laundering on any or all of the counts, say so by returning a guilty verdict or verdicts.  If you have a reasonable doubt about any one of the elements of money laundering on any or all of the counts, then you must find the defendant or defendants not guilty of that count or counts.

Now I will give you more detailed instructions on some of the terms that I have used.

62

## COUNTS 13 - 19 and 21 - 31    MONEY LAUNDERING  -  KNOWINGLY

An act is "knowingly" done if done voluntarily and intentionally and not because of mistake or some other innocent reason.

## COUNTS 13 - 19 and 21 - 31   MONEY LAUNDERING - MONETARY TRANSACTION

The term "monetary transaction" includes a deposit, withdrawal, transfer, or exchange, in or affecting interstate commerce, of funds or a monetary instrument by, through, or to a financial institution.

The term "monetary transaction" also includes any transaction that involves the use of a financial institution that is engaged in, or the activities of which affect, interstate commence in any way or degree.

The term "monetary instruments" means coin or currency of the United States, travelers' checks, personal checks, bank checks, and money orders, or investment securities or negotiable instruments, in bearer form or otherwise, in such form that title thereto passes upon delivery.

The term "financial institution" includes a federally insured bank and an operator of a credit card system.

You may infer that a transaction affected interstate commerce if it involved a bank that was federally insured.

If you decide that there would be any effect at all on interstate commerce, then that is enough to satisfy this element.  The effect can be minimal.

## COUNTS 13 - 19 and 21 - 31   MONEY LAUNDERING  -  SPECIFIED UNLAWFUL ACTIVITY

The term "specified unlawful activity" means any act or activity constituting the offense of wire fraud.

## COUNTS 13 - 19 and 21 - 31   MONEY LAUNDERING  -   CRIMINALLY DERIVED PROPERTY

The term "criminally derived property" means any property constituting or derived from proceeds obtained from a criminal offense.

## <u>COUNTS  13 - 19 and 21 - 31  MONEY LAUNDERING -<br>AIDING AND ABETTING</u>

For you to find either of the defendants guilty of money laundering, it is not necessary for you to find that he personally committed the crime himself.  You may also find him guilty if he intentionally helped or encouraged someone else to commit the crime.  A person who does this is called an aider and abettor.  But for you to find either of the defendants guilty of money laundering as an aider and abettor, you must be convinced that the Government has proved each and every one of the following elements beyond a reasonable doubt:

1.      That the crime of money laundering was committed;

2.      That the defendant helped to commit the crime or encouraged someone else to commit the crime; and

3.      That the defendant intended to help commit or encourage the crime.

Proof that a defendant may have known about the crime, even if he was there when it was committed, is not enough for you to find him guilty.  You can consider this in deciding whether the Government has proved that he was an aider and abettor, but without more it is not enough.  What the Government must prove is that the defendant did something to help or encourage the crime with the intent that the crime be committed.

If you are convinced that the Government has proved all of these elements, say so by returning a guilty verdict or verdicts on this charge.  If you have a reasonable doubt about any one of these elements and whether they apply to any defendant, then you cannot find the defendant guilty of money laundering as an aider and abettor.

## COUNT 32    CONSPIRACY TO DEFRAUD THE UNITED STATES

Count 32 of the Indictment charges Defendants Preston J. Harrison and Lovena E. Harrison of conspiracy to defraud the United States by dishonest means in violation of federal law.  Specifically, Count 32 alleges that from on or about June 2011 through on or about April 2012, Preston J. Harrison and Lovena E. Harrison did unlawfully, voluntarily, intentionally, and knowingly conspire, combine, confederate, and agree together and with others known and unknown to defraud the United States for the purpose of impeding, impairing, obstructing, and defeating the lawful government functions of the Internal Revenue Service of the Treasury Department in the ascertainment, computation, assessment, and collection of revenue: to wit, income taxes.

## COUNT 32   CONSPIRACY  -  ELEMENTS

It is a crime for two or more people to conspire, or agree, to defraud the United States, even if they never actually achieve their goal.

A conspiracy is a kind of criminal partnership.  For you to find either of the defendants guilty of the conspiracy charge, the Government must prove each and every one of the following elements beyond a reasonable doubt:

1.      That two or more persons conspired, or agreed, to defraud the United States, or one of its agencies or departments, by dishonest means;

2.      That the defendant knowingly and voluntarily joined the conspiracy; and

3.      That a member of the conspiracy did one of the overt acts described in the Indictment for the purpose of advancing or helping the conspiracy.

The word "defraud" is not limited to its ordinary meaning of cheating the Government out of money or property.  "Defraud" also means impairing, obstructing, or defeating the lawful function of any government agency or department by dishonest means.  You must be convinced that the Government has proved all of these elements beyond a reasonable doubt in order to find either of these defendants guilty of the conspiracy charge as alleged in Count 32.  If you have a reasonable doubt about any of these elements, then you must find the defendant or defendants not guilty of this charge.

Now I will give you some more detailed instructions regarding the crime of conspiracy.

## COUNT 32  CONSPIRACY  -  AGREEMENT

With regard to the first element — a criminal agreement — the Government must prove that two or more persons conspired or agreed to cooperate with each other to commit the crime of defrauding the United States.

This does not require proof of any formal agreement, written or spoken.  Nor does this require proof that everyone involved agreed on all the details.  But proof that people simply met together from time to time and talked about common interests or engaged in similar conduct is not enough to establish a criminal agreement.  These are things that you may consider in deciding whether the Government has proved an agreement.  But without more they are not enough.

What the Government must prove is that there was a mutual understanding, either spoken or unspoken, between two or more people, to cooperate with each other to commit the crime of defrauding the United States.  This is essential.

An agreement can be proved indirectly, by facts and circumstances that lead to a conclusion that an agreement existed.  But it is up to the Government to convince you that such facts and circumstances existed in this particular case.

## COUNT 32   CONSPIRACY  -  MEMBERSHIP

If you are convinced that there was a criminal agreement, then you must decide whether the Government has proved that Defendants Preston J. Harrison and Lovena E. Harrison knowingly and voluntarily joined that agreement.  You must consider each defendant separately in this regard.  To convict either defendant, the Government must prove that he or she knew the conspiracy's main purpose and that he or she voluntarily joined it intending to help advance or achieve its goals.

This does not require proof that a defendant knew everything about the conspiracy, that he or she knew everyone else involved, or that he or she was a member of it from the very beginning.  Nor does it require proof that a defendant played a major role in the conspiracy or that his or her connection to it was substantial.  A slight role or connection may be enough.

But proof that a defendant simply knew about a conspiracy, was present at times, or associated with members of the group, is not enough, even if he or she approved of what was happening or did not object to it.  Similarly, just because a defendant may have done something that happened to help a conspiracy does not necessarily make him or her a conspirator.  These are all things that you may consider in deciding whether the Government has proved that a defendant joined a conspiracy.  But without more they are not enough.

What the Government must prove is that a defendant knew the conspiracy's main purpose, and that he or she voluntarily joined it intending to help advance or achieve its goals. This is essential.

A defendant's knowledge can be proved indirectly by facts and circumstances that lead to

71

a conclusion that he or she knew the conspiracy's main purpose.  But it is up to the Government

to convince you that such facts and circumstances existed in this particular case.

## COUNT 32   CONSPIRACY  -  OVERT ACTS

The third element that the Government must prove is that a member of the conspiracy did one of the overt acts described in the Indictment for the purpose of advancing or helping the conspiracy.

The Indictment lists overt acts.  The Government does not have to prove that all of these acts were committed or that any of these acts were themselves illegal.

But the Government must prove that at least one of these acts was committed by a member of the conspiracy and that it was committed for the purpose of advancing or helping the conspiracy.  This is essential.

The alleged overt acts listed in Count 32 of the Indictment are as follows:

1.      On or about March 5, 2012, Lovena E. Harrison entered a Personal Identification Number assigned to her by the Internal Revenue Service to self-file a joint 2011 Form 1040 Tax Return falsely claiming her income was $25,414 and that such profit was from a Schedule C daycare business.

2.      On or about March 5, 2012, Preston J. Harrison entered a Personal Identification Number assigned to him by the Internal Revenue Service to self-file a joint 2011 Form 1040 Tax Return falsely claiming he had no employment and his total family joint income was $25,414 and that such profit was from a Schedule C daycare business owned by his wife.

73

## COUNT 33   FILING A FALSE TAX RETURN

Defendants Preston J. Harrison and Lovena E. Harrison are charged in Count 33 of the Indictment with filing a false income tax return.

Count 33 alleges that on or about March 5, 2012, the defendants did willfully make and subscribe and did willfully aid, abet, assist and cause to be so made and subscribed, a joint 2011 Form 1040 Income Tax Return, filed with the Internal Revenue Service, which was verified by a written declaration that it was made under penalties of perjury and which defendants Preston J. Harrison and Lovena E. Harrison did not believe to be true and correct as to every material matter.  That joint 2011 Form 1040 Income Tax Return, which was electronically filed with a proper officer of the United States, stated falsely that defendants Preston J. Harrison and Lovena E. Harrison had an adjusted gross income of $23,619 resulting from a $25,414 profit from a Schedule C daycare business, whereas Defendants Preston J. Harrison and Lovena E. Harrison then and there knew, their joint income was substantially higher.

## COUNT 33   FILING A FALSE TAX RETURN  - ELEMENTS

Defendants Preston J. Harrison and Lovena E. Harrison are charged in the Indictment with one count of filing a false income tax return.  In order for you to find either defendant guilty of this charge, the Government must prove each and every one of the following elements against each defendant beyond a reasonable doubt:

1.     That Defendant signed electronically an income tax return that contained a written declaration that it was made under penalties of perjury;

2.     That in this return Defendant falsely stated that Defendants' adjusted gross income was $23,619.00 for the tax year 2011;

3.     That Defendant knew the statement was false;

4.     That the false statement was material; and

5.     That Defendant made the statement willfully.

Under the Internal Revenue Code, "gross income" means all income from whatever source derived, including, but not limited to, salary, compensation for services, fees, fringe benefits, as well as gross income from business.

If you are convinced that the Government has proved all of the elements on this count, say so by returning a guilty verdict or verdicts.  If you have a reasonable doubt about any one of the elements of filing a false tax return, then you must find the defendant or defendants not guilty of the charge.

Now I will give you more detailed instructions on some of the terms that I have used.

75

## COUNT 33   FILING A FALSE TAX RETURN
## FALSE OR FRAUDULENT

An income tax return is "false" or "fraudulent" if it was untrue when made or presented and the person making or presenting it knows it was untrue.  But the Government does not have to show that the Internal Revenue Service was in fact deceived or misled.

## COUNT 33   FILING A FALSE TAX RETURN -
## MATERIAL MATTER

A matter is "material" if it had a natural tendency to influence, or was capable of influencing or affecting, the decision or activities of the Internal Revenue Service.  It is not necessary to show that the statement actually influenced an agency, but it is necessary to show that it had the capacity to do so.

The Internal Revenue Service of the Department of the Treasury is an agency of the United States Government responsible for administering and enforcing the federal revenue laws and regulations regarding the ascertainment, computation, assessment, and collection of income taxes owed to the United States by its citizens and residents.

## COUNT 33   FILING A FALSE TAX RETURN - WILLFULLY

In order to prove that Defendants acted "willfully," the Government must prove beyond a reasonable doubt that Defendants knew federal tax law imposed a duty on them and that Defendants intentionally and voluntarily violated that duty.

"Willfully" means to act voluntarily with knowledge that one's conduct is unlawful and with the intent to do something the law forbids; it is essentially a voluntary, intentional violation of a known legal duty.

Defendants' conduct was not "willful" if it was due to negligence, inadvertence, or mistake, or was the result of a good faith misunderstanding of the requirement of the law.  It is for you to decide whether Defendants acted in good faith, that is, whether they sincerely misunderstood the requirements of the law or whether they knew what they were required to do and deliberately did not do so.

## COUNT 33  FILING A FALSE TAX RETURN - AIDING AND ABETTING

For you to find either of the defendants guilty of filing a false tax return, it is not necessary for you to find that he or she personally committed the crime himself or herself.  You may also find him or her guilty if he or she intentionally helped or encouraged someone else to commit the crime.  A person who does this is called an aider and abettor.  But for you to find either of the defendants guilty of filing a false tax return as an aider and abettor, you must be convinced that the Government has proved each and every one of the following elements beyond a reasonable doubt:

1.      That the crime of filing a false tax return was committed;

2.      That the defendant helped to commit the crime or encouraged someone else to commit the crime; and

3.      That the defendant intended to help commit or encourage the crime.

Proof that a defendant may have known about the crime, even if he or she was there when it was committed, is not enough for you to find him or her guilty.  You can consider this in deciding whether the Government has proved that he or she was an aider and abettor, but without more it is not enough.  What the Government must prove is that the defendant did something to help or encourage the crime with the intent that the crime be committed.

If you are convinced that the Government has proved all of these elements, say so by returning a guilty verdict or verdicts on this charge.  If you have a reasonable doubt about any one of these elements and whether they apply to any defendant, then you cannot find the defendant guilty of filing a false tax return as an aider and abettor.

## COUNT 34   STRUCTURING TRANSACTIONS TO EVADE REPORTING REQUIREMENTS

Defendant Lovena E. Harrison is charged in Count 34 of the Indictment with structuring transactions to evade reporting requirements.  Count 34 alleges that Lovena E. Harrison knowingly and for the purpose of evading the reporting requirements established under federal law and federal regulations, did structure, attempt to structure, and assist in structuring currency transactions with Huntington Bank, a domestic financial institution, using a Huntington Bank account number ending in 3941 and in the name of Forever Now, LLC.  Specifically, on or about December 2, 2011, Lovena E. Harrison made two withdrawals from the Forever Now Huntington Bank account in the amounts of $9,800 and $6,000, with the intent to evade federal reporting requirements.

## COUNT 34   STRUCTURING  -  ELEMENTS

Federal Law and its implementing regulations require the filing of a government form called a Currency Transaction Report ("CTR").  Those regulations require that every domestic financial institution that engages in a currency transaction of more than $10,000 must file a report with the Internal Revenue Service furnishing, among other things, the identity and address of the person engaging in the transaction, the person or entity, if any, for which he or she is acting, and the amount of the currency transaction.  The CTR must be filed within fifteen (15) days of the transaction.

For you to find Defendant guilty of this crime, you must be convinced that the Government has proved each and every one of the following elements beyond a reasonable doubt:

1.      That Defendant knew of the domestic financial institution's legal obligation to report transactions in excess of $10,000;

2.      That Defendant knowingly structured a currency transaction; and

3.      That the purpose of the structured transaction was to evade that reporting obligation.

You must be convinced that the Government has proved all of these elements beyond a reasonable doubt in order to find Defendant guilty of this charge.  If you have a reasonable doubt about any one of these elements, then you must find Defendant not guilty of this charge.

## COUNT 34  STRUCTURING  -  TRANSACTIONS

A person structures a transaction if that person, acting alone or with others, conducts one or more currency transactions in any amount, at one or more financial institutions, on one or more days, for the purpose of evading the reporting requirements described earlier.  Structuring includes breaking down a single sum of currency exceeding $10,000 into smaller sums, or conducting a series of currency transactions, including transactions at or below $10,000.  Illegal structuring can exist even if no transaction exceeded $10,000 at any single financial institution on any single day.

## COUNT 34  STRUCTURING  -  KNOWLEDGE

The Government need not prove that a defendant knew that structuring a transaction to avoid triggering the filing requirements was itself illegal.  The Government need only prove beyond a reasonable doubt that a defendant structured currency transactions with knowledge of the reporting requirements.

## <u>COUNT 34   STRUCTURING  - FINANCIAL INSTITUTION</u>

A "financial institution" includes commercial banks, banks that are insured by the Federal Deposit Insurance Corporation, and credit unions.

## COUNT 34   STRUCTURING  - CURRENCY TRANSACTION

A "currency transaction" is the physical transfer of currency from one person or entity to another person or entity.

## **VENUE**

The Government alleges that the offenses charged occurred in whole or in part in the Southern District of Ohio.  This is a fact that the Government only has to prove by a preponderance of the evidence.  This means the Government only has to convince you that it is more likely than not that part of the crimes occurred in whole or in part in the Southern District of Ohio.

## **"ON OR ABOUT"**

The Indictment charges that the crimes happened "on or about" a certain date or dates. The Government does not have to prove that the crimes happened on those exact dates.  But the Government must prove that the crimes happened reasonably close to the dates alleged.

## **INFERRING MENTAL STATE**

Now, I want to explain something about proving a defendant's state of mind.

Ordinarily, there is no way that a defendant's state of mind can be proved directly, because no one can read another person's mind and tell what that person is thinking.

But a defendant's state of mind can be proved indirectly from the surrounding circumstances.  This includes things such as what a defendant said, what a defendant did, how a defendant acted, and any other facts or circumstances in evidence that show what was in a defendant's mind.

You may also consider the natural and probable results of any acts that a defendant knowingly did or did not do and whether it is reasonable to conclude that a defendant intended those results.

## **IGNORANCE OF LAW IS NOT A DEFENSE**

Except as it pertains to Count 33, the proof need not show that Defendants had knowledge that a particular act or failure to act is a violation of federal law.  Every person is charged with knowing what the law forbids and what the law requires to be done.

## **PUNISHMENT**

If you decide that the Government has proved a defendant guilty beyond a reasonable doubt of any crimes charged in the Indictment, then it will be my job to decide what the appropriate punishment should be.  It would violate your oaths as jurors even to consider the possible punishment in deciding your verdicts.

## **DELIBERATIONS AND VERDICT - INTRODUCTION**

That concludes the part of my instructions explaining the elements of the crimes charged in the Indictment.  Now let me finish by explaining some things about your deliberations in the jury room and your possible verdicts.

The first thing that you should do in the jury room is choose someone to be your foreperson.  This person will help to guide your discussions and will speak for you here in court. Once you start deliberating, do not talk to anyone about the case except each other.  If you have any questions or messages, you must write them down on a piece of paper, have the foreperson sign them, and then give them to the Court Security Officer.  The Court Security Officer will give them to me, and I will respond as soon as I can.  I may have to talk to the attorneys about what you have asked, so it may take me some time to get back to you.  Any questions or messages normally should be sent to me through your foreperson.

One more thing about messages.  Do not ever write down or tell anyone outside the jury room how you stand on your vote.  That should stay secret until you are finished.

## **ELECTION OF FOREPERSON**

When you get to the jury room your first order of business will be the election of a foreperson to preside over your deliberations.

The foreperson acts as the chairperson of the meeting and is your spokesperson in court. He or she must see to it that the charges and the issues are taken up as given to you, that everyone has a chance to speak to these matters, and that your deliberations proceed in an orderly manner.

After you have arrived at verdicts, which must be unanimous, the foreperson and all jurors will sign the appropriate verdict forms on the lines as indicated.

## **DUTY TO DELIBERATE**

Now that all the evidence is in and the arguments have been completed, you are free to talk about the case in the jury room.  In fact, it is your duty to talk with each other about the evidence and to make every reasonable effort you can to reach unanimous agreement.  Talk with each other, listen carefully and respectfully to each other's views, and keep an open mind as you listen to what your fellow jurors have to say.  Try your best to work out your differences.  Do not hesitate to change your mind if you are convinced that other jurors are right and that your original position was wrong.

But do not ever change your mind just because other jurors see things differently or just to get the case over with.  In the end, your vote must be exactly that -- your own vote.  It is important for you to reach unanimous agreement, but only if you can do so honestly and in good conscience.

No one will be allowed to hear your discussions in the jury room, and no record will be made of what you say.  So you should all feel free to speak your minds.  Listen carefully to what other jurors have to say, and then decide for yourself whether the Government has proved Defendants guilty beyond a reasonable doubt.

## **UNANIMOUS VERDICT**

Your verdicts, whether they are guilty or not guilty, must be unanimous.

To find a defendant guilty, every one of you must agree that the Government has overcome the presumption of innocence with evidence that proves his or her guilt beyond a reasonable doubt. To find a defendant not guilty, every one of you must agree that the Government has failed to convince you beyond a reasonable doubt.

Either way, guilty or not guilty, your verdicts must be unanimous.

## ALTERNATE JUROR

The alternate juror will not be discharged at this time but will be individually sequestered until the jury has reached its verdicts.  If something happens to one of the regular jurors during deliberations, the alternate juror will replace the regular juror.  The alternate juror is instructed not to discuss the case with anyone until discharged.

95

## **WRITTEN INSTRUCTIONS**

The written form of the instructions on the law I have just given you will be available to you in the jury room.  These instructions are contained in your three-ring binder.  You are invited to use these instructions in any way that will assist you in your deliberations and in arriving at the verdict.  You may not remove any of the individual sheets from the binder.  These written instructions, which are in exactly the same language as I have given them to you verbally, represent the law that is applicable to the facts as you find the facts to be.  There is a Table of Contents beginning at the first page of these instructions.  You may readily locate any particular instruction by referring to that list.

All of the exhibits that have been admitted into evidence will go to the jury room with you, together with the verdict forms that I have discussed.

You should note that the Court cannot provide you with a transcript of the testimony of any witness.  You must rely on your collective memory when considering the testimony of any witness.

**<u>VERDICT FORMS</u>**

I have prepared the general verdict forms that you should use to record your verdicts. Counsel for the Government and Defendants have been given an opportunity to review the verdict forms.  Do you find them to be acceptable?

The forms read as follows:

[READ VERDICT FORMS]

If you decide that the Government has proved the charge or charges against a defendant beyond a reasonable doubt, say so by selecting and signing the guilty verdict form or forms.  If you decide that the Government has not proved a charge or charges against a defendant beyond a reasonable doubt, say so by selecting and signing the not guilty verdict form or forms.   All jurors must sign the appropriate forms.  Your foreperson should then return the forms to me.

## **COURT HAS NO OPINION**

Let me conclude by repeating something that I said to you earlier.  Nothing that I have said or done during this trial was meant to influence your decision in any way.  You decide for yourselves whether the Government has proved Defendants guilty beyond a reasonable doubt.

## <u>NOTIFY COURT SECURITY OFFICER WHEN VERDICTS ARE READY</u>

When you arrive at your verdicts, you will notify the Court Security Officer, who will inform the Court.

## <u>OBJECTIONS TO INSTRUCTIONS</u>

Do counsel have any objections to the jury instructions?